## Aland *v.* P-G Publishing Company, Appellant.

Argued September 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, LINN, STERN and BARNES, JJ.

260

*Lawrence D. Blair,* with him *Moorhead & Knox,* for appellant.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *Robert H. Braun, Jr.,* for appellee.

OPINION BY MR. JUSTICE BARNES, January 2, 1940:

Plaintiff instituted this action to recover damages for the conversion of nine "historical plaques," alleging that they were submitted to defendant's publication, the Pittsburgh Post-Gazette, in the course of a "missing words" contest conducted during February and March, 1931. The rules governing the competition provided that each contestant should supply appropriate words in blank spaces in historical narratives appearing each day in the newspaper. A cash prize was offered to the person who achieved the best record of completed stories throughout the six weeks of the contest, which closed on March 14, 1931. The prize was to be awarded on April 14, 1931.

The rules informed contestants that "selection of the best words will be the primary determining factor, [in choosing the winner] but neatness and ingenuity will also be given consideration." It was explicitly stated therein that "entries will not be returned to contestants."

The statement of claim avers that plaintiff accepted defendant's offer made in its newspaper to engage in the contest and submitted, in addition to the answers for the blank spaces, nine designs or plaques, which were allegorical bas-reliefs, descriptive of the history and develop-

ment of Pittsburgh. It also avers that they were intended "to portray the symbolism of the missing words contest and were submitted collaterally to and not as part of the missing words contest entries . . . and only for the purpose of showing what ingenuity could produce [or] add to by way of enlargement [of] the regular contest entries."

It is further alleged in the statement that Alfred H. Carroll, defendant's agent in charge of the contest, verbally promised that the plaques would be returned, but that plaintiff has been unable to recover them despite repeated demands. Because of their composition and workmanship, and the labor and materials necessary to make them, and also because an original signature of George Washington was attached to one of the plaques, the plaintiff claimed he had been damaged to the extent of $25,000.

At the trial, plaintiff's testimony revealed an entirely different situation. It appeared that after the contest ended, and the winner was announced on April 14, 1931, that plaintiff then delivered the plaques to defendant's employee. He testified emphatically that the plaques were submitted entirely independent of the contest, upon Mr. Carroll's suggestion that they be shown to the owner of the newspaper to acquaint him with plaintiff's ability in commercial art, in the hope that he might secure employment in the advertising department of the publication. He testified under direct examination that the plaques had a value of fifteen thousand dollars.

Defendant moved promptly to strike out this testimony because of its variance from the pleadings, and requested binding instructions for the same reason at the conclusion of the trial. These motions were denied and the case submitted to the jury, which rendered a verdict for plaintiff in the sum of $5,000. Upon defendant's motion a new trial was granted by the court below upon the ground that plaintiff's uncorroborated tes-

timony was incredible and insufficient to sustain the verdict in his favor. This appeal by defendant is from the refusal of the court to grant its motion for judgment non obstante veredicto.

In an appeal such as this, which is authorized by Section 2 of the Act of April 9, 1925, P. L. 221, we will not disturb the order of the court below unless the record discloses a palpable abuse of discretion in granting a new trial, or unless that action was based solely upon an erroneous conclusion of law: *Lawrence v. Gillespie*, 300 Pa. 584; *Trimble v. Mennel Milling Co.*, 313 Pa. 188; *Fickes v. Prudential Ins. Co.*, 321 Pa. 474. However, if binding instructions should have been given for the defendant, because the case involves a single question of law which controls its decision, we will reverse the order and enter such judgment as is proper on the record: *Class & Nachod Co. v. Giacobello*, 277 Pa. 530; *Fornelli v. Penna. R. R. Co.*, 309 Pa. 365; *Frank, Adm'r., v. Bayuk*, 322 Pa. 282; *Silveus v. Grossman*, 102 Pa. Superior Ct. 365, affirmed 307 Pa. 272.

Manifestly, there was here such a fatal variance between allegation and proof that a compulsory nonsuit should have been entered by the court below, or a verdict for defendant should have been directed. In the testimony developed at trial there was a clear divergence from the statement of claim in the following material particulars: (1) the time of the delivery of the plaques to defendant's contest manager; (2) the circumstances, purposes and terms of their bailment; (3) the time for their return; (4) the capacity in which Carroll acted in the transaction. Defendant was, therefore, confronted at the trial with an elaborate and confusing narration as a basis for a claim which was entirely foreign to that set forth in the pleadings. It could have had no intimation thereof from the allegations of the statement.

Despite the increasing informality of modern practice, there has been no substantial departure from the

salutary rule that pleadings and proof must conform sufficiently to enable a defendant to meet at trial the same cause of action disclosed by the statement of claim. As we said in *Penna. R. R. Co. v. Pittsburgh,* 335 Pa. 449, (p. 458) : "The rule against a variance between allegata and probata is not arbitrary, but is based upon the sound reason that a defendant should not be taken by surprise at trial by being called upon to defend against matters of which he had no notice in the pleadings, or to a different cause of action." The wrong proved must be the wrong alleged, not merely another wrong in the same legal category. See *McDonough v. Munhall Boro.,* 331 Pa. 468. The variance here was material because it involved those elements of plaintiff's case essential to a recovery. See *Stegmaier v. Keystone Coal Co.,* 225 Pa. 221, 230; *Kehres v. Stuempfle,* 288 Pa. 534; *Moyer v. Blue Mountain Elec. Co.,* 294 Pa. 265, 273.

Defendant having properly raised the question of variance by moving to strike out the divergent evidence and by its request for binding instructions, plaintiff's failure to amend effectively barred his recovery: *Kehres v. Stuempfle,* supra; *McDonough v. Munhall Boro.,* supra.

However, aside from the matter of variance, plaintiff's evidence failed to establish defendant's liability, because there was no proof whatsoever of the authority of its employee, Carroll, to accept on its behalf, and obligate it to return, plaques of a value alleged to be $15,000 under the conditions which plaintiff testified they were delivered. Our conclusion that there was a fatal variance makes an extended discussion of this point unnecessary.

The order of the court below refusing defendant's motion for judgment non obstante veredicto is reversed, and judgment is here entered for defendant.