Stewart *v.* Scharff, Appellant.

Argued November 18, 1954; reargued April 19, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, and WRIGHT, JJ. (WOODSIDE and ERVIN, JJ., absent).

*Kim Darragh,* for appellant.

P. J. *McArdle,* for appellees.

OPINION BY WRIGHT, J., July 21, 1955:

We are here concerned with a trespass action resulting from a collision between automobiles of Clyde F. Stewart and Fred A. Scharff. After verdicts for the plaintiffs, Stewart and his wife, the lower Court refused defendant Scharff's motion for judgment n.o.v. and ordered a new trial. Scharff has appealed from the refusal of his motion, contending that there was a fatal variance between the allegata and the probata.

The complaint makes inter alia the following averments: "Third: On or about the 12th day of February, 1950, wife plaintiff was operating her automobile in a southerly direction on Grandview Avenue and when she reached the intersection of Grandview Avenue and Neville Island Boulevard, proceeding with due care and caution, she entered said intersection, after having first stopped and proceeded to make a lefthand turn in a westerly direction on the Boulevard, when a car owned and operated by the defendant, which was proceeding in an easterly direction on the Boulevard, swung from the lane of traffic in which it was proceeding over to the middle lane, running into and colliding with the automobile of the plaintiff and inflicting upon her severe and permanent injuries. Fourth: Plaintiffs aver that the aforesaid accident was caused solely by the negligence of the defendant, generally, and as more

specifically set forth in the following lettered paragraphs . . . (f) In operating the said automobile in a zig-zagging and veering manner". While there are errors in the complaint as to street names and directions, this is not the basis of appellant's contention, nor could it well be since his counterclaim contains similar errors. The pleadings (which also include a reply) fully disclose that appellant was proceeding on a through highway and the wife-appellee was approaching from appellant's right at an intersection controlled by a stop sign.

At the trial Mrs. Stewart testified that, as she approached the intersection, she brought her car to a complete stop at the stop sign. Since the view to her left was obstructed, she proceeded forward approximately 30 feet and stopped again with her car "part way" on a trolley track, which ran along the side of the through highway. She waited there for appellant to pass, but "when he got to the intersection instead of going straight he turned his car real quick and crashed into me". Mrs. Anna C. Cyphers testified that the Stewart car "moved up and stopped on the car track", and that the collision occurred "right on the car track". Miss Patricia Gilmore testified to the same effect. There was no objection to any of this testimony and no plea of surprise. However, appellant's counsel eventually made a motion for a compulsory nonsuit, and also presented a point for binding instructions. While these are proper methods to raise the question of variance, see *Malone v. Melnick*, 378 Pa. 483, 106 A. 2d 806, we agree with Judge WEISS of the Court below that the variance, if any, in the case at bar "was not of such magnitude as to have misled the defendant in the preparation or presentation of his case".

Appellant interprets the testimony to establish that Mrs. Stewart had not as yet entered the intersection

when the collision occurred. On the other hand, appellees' position is that the trolley track was actually in and a part of the intersection. Appellant complains that the testimony removed from the case a defense, Mrs. Stewart's contributory negligence in failing to yield the right of way, which he "had every right and reason to expect that he would have the advantage of" in view of the averments in the complaint. However, the cases cited in his brief are inapposite.[1] The phrase "cause of action" in a trespass case means the negligent conduct which occasioned the injury: *Cox v. Wilkes-Barre R. R. Corp.*, 334 Pa. 568, 6 A. 2d 538. Regardless of the direction in which appellant was veering at the time of the collision, or of the exact spot at which the collision occurred, the cause of action (appellant's negligent conduct in driving in a zigzagging and veering manner) remained the same. The testimony did not introduce a new agency as the cause of action. See *Mussolino v. Coxe Bros. and Co.*, 357 Pa. 10, 53 A. 2d 93.

Finally, any possible disadvantage to appellant resulting from the purported variance of which he complains has now been eliminated by the grant of a new

---

[1] *Anflick v. Gruhler*, 353 Pa. 470, 46 A. 2d 161; *Yorke v. Lee*, 172 Pa. Superior Ct. 537, 93 A. 2d 867; *Osborne v. Victor Dairies, Inc.*, 138 Pa. Superior Ct. 117, 10 A. 2d 129; and *Calvey v. Coyer*, 121 Pa. Superior Ct. 504, 184 A. 279, were assumpsit actions. *Kirshon v. Friedman*, 349 Pa. 171, 36 A. 2d 647, was an action in equity to dissolve a partnership. *Aland v. P-G Publishing Co.*, 337 Pa. 259, 10 A. 2d 5, was an action for conversion. In *McLean v. Schoenhut Co.*, 225 Pa. 100, 73 A. 1058, an averment that defendant had failed to give adequate instructions as to the use of a stamping machine was not established. In *Kehres v. Stuempfle*, 288 Pa. 534, 136 A. 794, the collapse of a shed was unexplained. In *Dever v. Penna. R. R. Co.*, 66 Pa. Superior Ct. 515, and *Penna. R. R. Co. v. Pittsburgh*, 335 Pa. 449, 6 A. 2d 907, verdicts for plaintiff were sustained.

trial. The entry of judgment n.o.v. in accordance with appellant's request would be to impose upon members of the legal profession at the peril of their clients the responsibility of pleading with mathematical certainty. Substantial conformity between pleading and proof is all that is required: *Smith v. Sheraden Bank,* 178 Pa. Superior Ct. 621, 116 A. 2d 346. To put appellees completely out of Court under the circumstances here presented would result in a miscarriage of justice.

The order of the Court below is affirmed.