Schuylkill Haven Borough, Appellant, *v.* Bolton.

Argued April 11, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*H. G. Stutzman*, with him *Calvin J. Friedberg*, for appellant.

*Ralph M. Bashore*, with him *Cletus C. Kilker*, for appellees.

OPINION BY HIRT, J., July 17, 1956:

Schuylkill Haven Municipal Authority was incorporated by the Borough of Schuylkill Haven under the Act of May 2, 1945, P. L. 382. The Authority, pursuant to resolution of its Board [appointed by the governing body of the borough, in accordance with §7(a) of the Act] constructed a sanitary sewer in the borough. The sewer system after completion was leased to the borough on April 1, 1950, and has been operated and maintained by the borough since that date. On April 4, 1950, the borough enacted its ordinance, No. 321, compelling all owners to connect their improved property with the sewer. The ordinance also prohibited the further use of cesspools, septic tanks, and the like, within the limits of the borough. As a penalty for failure to comply with the ordinance and for the violation of any of its provisions a fine of $30 was prescribed. On completion of the sewer, and after due

notice that the sewer was available, prosecutions were brought against 37 owners of abutting improved property, who had refused to connect with the sewer. In September 1953 after hearing, they were adjudged guilty and the penalty of the ordinance was imposed against each of them by the justice of the peace before whom the actions were brought. On certiorari the lower court in March, 1954, set aside the convictions on the ground that the remedy for collection of the penalty prescribed by the ordinance was civil in nature. Accordingly the borough began new actions against the 37 delinquent owners; the appellees were of that group. In each case an affidavit of claim was filed with the justice and in August 1954, after hearing, judgment was entered against each of them in the sum of $30 the amount of the penalty prescribed by the ordinance. Appeals were taken from the judgments to the lower court. In each of the appeal proceedings, the borough filed its complaint, to which preliminary objections were interposed alleging that "The complaint failed to set forth with sufficient particularity the manner in which the sewer system was available to them for connection whether by lateral or otherwise." Notwithstanding their obvious captious quality the court in February 1955 sustained the preliminary objections. The borough then filed amended complaints but, again, preliminary objections questioned the new pleadings on the ground alleged in each instance that it "failed to allege specifically where the lateral for connection with the sewer was located." To avoid the delay incident to having these objections disposed of by the court the borough then filed its "Second Amended" complaints stating that laterals for sewer connections were available at the curb. To these, the delinquent property owners, again filed preliminary objections, this time questioning "the validity of the Verification" of

the complaints, and merely as to form, although the verification was the same as in prior complaints. The lower court dismissed these objections in October 1955 and directed the defendants to answer on the merits. Instead of answering to the merits, petitions were then filed by the defendants to dismiss the complaints on the ground that the court was without jurisdiction to hear the matter because the second amended complaint referred to a *sewer system owned by the Municipal Authority of the Borough of Schuylkill Haven* and by it leased to the borough, whereas the misconduct "charged against the defendants before said Justice was 'in failing to connect their property to *Borough Sewerage System* after due notice,' which alleged conduct the said Justice adjudged to be a violation of said Ordinance, as appears of record in this Court in the transcript of said proceedings attached to and made part of the Petition for Allowance of Appeal to this Court, which transcript is incorporated herein by reference." Italics supplied. The lower court on February 20, 1956 dismissed the complaints for want of jurisdiction. In all of the present appeals by the borough, the facts are identical; our remaining discussion (and we shall be brief about it) will be directed to Number 140 as typical in which Oscar and Lilly Bolton are the appellees.

By our reversal of the orders in these appeals the borough will have survived the delays incident to the obstructive procedures invoked by appellees, and after six years (at long last, cf. *Penna. P. & L. Co. v. Shenandoah Boro.*, 362 Pa. 43, 66 A. 2d 290) will be on the way to compel connection with the sewer, in the public interest, by all abutting owners. The Boltons are the owners of improved property on St. Peter Street in the borough. There is a lateral at the curb in front of their property for the purpose of making the connection. Before the justice of the peace the complaint

against these defendants was the failure "to connect their property to Borough Sewerage System after proper notice" as required by Ordinance No. 321. In the lower court the second amended complaint averred: "On or about April 1, 1950, the Borough of Schuylkill Haven, by written contract and lease, a copy of which is hereto attached marked Exhibit A and by reference thereto is made a part hereof, leased from the Schuylkill Haven Municipal Authority a certain sewer system and sewage treatment plant in the Borough of Schuylkill Haven aforesaid." and prayed for judgment on the ground "That although more than ninety (90) days from the date of the notice to the defendants has expired, the defendants neglected and refused and still neglect and refuse to have their premises connected to the sewer system leased by the Borough of Schuylkill Haven aforesaid." The cause of action on which suit was brought before the justice of the peace in which judgment was entered against the appellee was essentially the same as averred in the borough's complaint in the appeal to the lower court. The appellee could not have been misled in any respect by the reference to "sewerage system of the Borough of Schuylkill Haven" since Ordinance 321 (a copy of which was attached to the justice's transcript) had to do with the management of the same sewer system which had been constructed by the Schuylkill Haven Municipal Authority. The sewer systems in both proceedings were one and the same. The complaint in the lower court referred to the sewer by its proper name while before the justice the same sewer was identified by its descriptive title. There is only one sanitary sewer in the borough and the provisions of the ordinance which had been violated were referred to both in the affidavit of claim before the justice and in the complaints filed with the lower court on appeal to it. We cannot ex-

pect and cannot require the observance of strict rules of pleading before a justice of the peace. *McDonald v. Simcox*, 98 Pa. 619; (the same principles apply to informations lodged with such justice in criminal cases. *Commonwealth v. Miller & Burke*, 77 Pa. Superior Ct. 469). The complaint filed by the borough in these appeals did not introduce a new cause of action. Defendant had actual notice of the specific basis of the action in both instances and that is all that the law required.

The order in each of these appeals is reversed and the judgment is reinstated.