Schuylkill Haven Borough *v.* Bolton et ux., Appellants.

158

Argued June 10, 1959. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Ralph M. Bashore,* with him *Cletus C. Kilker,* for appellants.

*H. G. Stutzman,* with him *Calvin J. Friedberg,* for appellee.

OPINION BY WRIGHT, J., August 10, 1959:

We are here concerned with an action by the Borough of Schuylkill Haven against Oscar R. Bolton and Lilly Bolton to recover a penalty imposed by Ordinance No. 321 requiring owners of improved property

160

to connect with the sewer system. The borough obtained judgment before a justice of the peace, and the Boltons appealed to the court of common pleas. That tribunal dismissed the complaint for want of jurisdiction, and we reversed on appeal. See *Schuylkill Haven Borough v. Bolton*, 181 Pa. Superior Ct. 364, 124 A. 2d 485. The case then proceeded to trial, and the jury returned a verdict in favor of the borough. Motions filed by the Boltons for a new trial and for judgment n.o.v. were overruled by the court en banc, and judgment was entered on the verdict. This appeal followed.

Appellants' first contention is that there was a fatal variance between the pleadings and the proof. Paragraph 3 of the second amended complaint avers that appellants "are the owners of a certain lot and house situate thereon, known as No. 309 St. Peter Street . . . which lot or piece of ground is more particularly described in Deed, recorded in the Office for the Recording of Deeds in and for the County of Schuylkill in Deed Book No. 623, page 27, which by reference thereto is made a part hereof". The sewer lateral actually extended to the curb of a lot described in Deed Book 796, page 32, which was a fifteen foot strip of land adjoining the lot first mentioned. The record clearly discloses that the two lots were used by appellants as one property. Furthermore, appellants indicated where the lateral should be placed or, at the very least, acquiesced in its location. The spot selected was marked with green paint at the curb, which mark was still visible at the time of trial and was observed by the jury. Any possible question in this regard was resolved by appellants' stipulation at the pre-trial conference [1]. While appellants later objected to the ad-

---

[1] "It is agreed, as to Paragraph 3 of the complaint, that the defendants are the owners of real estate situate in the Borough of Schuylkill Haven, by virtue of a deed dated October 5, 1940, and

mission of this stipulation on the ground that it was irrelevant and incompetent, the court below properly declined to countenance the attempted repudiation.

Appellants cite several cases for the proposition that the proof must conform to the facts alleged, among them *Aland v. P-G Publishing Co.*, 337 Pa. 259, 10 A. 2d 5, which holds that pleadings and proof must conform sufficiently to enable a defendant to meet at trial the same cause of action disclosed by the complaint. This rule is based on the sound reason that a defendant should not be taken by surprise at trial by being called upon to defend against matters of which he had no notice in the pleadings, or against a different cause of action. However, there need be only substantial conformity between what is alleged and what is proved: *Stuart v. Scharff*, 178 Pa. Superior Ct. 629, 114 A. 2d 86; *Smith v. Sheraden Bank*, 178 Pa. Superior Ct. 621, 116 A. 2d 346. We are all of the opinion that the proof offered at the trial in the case at bar substantially conformed to the allegations of the complaint. In view of the lengthy and involved procedural history of the instant matter, see *Schuylkill Haven Borough v. Bolton*, supra, 181 Pa. Superior Ct. 364, 124 A. 2d 485, it is difficult to believe that appellants were in any way surprised, or called upon to defend a cause of action of which they were not fully informed before going to

---

recorded in the office for the recording of deeds in and for the County of Schuylkill in Deed Book No. 623, page 27, and that they are the owners of an adjoining piece of property by virtue of a deed dated July 21, 1950, and recorded in the office for the recording of deeds in and for the County of Schuylkill in Deed Book No. 796, page 32. It is further agreed that the premises described in said two deeds are the premises known as 309 Saint Peter Street in the Borough of Schuylkill Haven.

"It is further agreed that there is a house on the above described land occupied by the defendants, Oscar R. Bolton and Lilly Bolton, and that house is known as 309 Saint Peter Street."

trial. They could not fail to be aware of the position of the borough that a lateral had been laid to the curb line of 309 St. Peter Street, which was an improved property comprised of two lots owned and used by appellants as one.

Appellants' second and third contentions may be treated together and are as follows: "II. The compulsory connection provisions of Ordinance No. 321 are inconsistent with, and were repealed by, Ordinance No. 333. III. A borough has no power to compel a citizen to sign a contract or to punish failure to do an act forbidden to be done unless such contract is signed. Such action is a denial of due process of law and freedom of speech".

Ordinance No. 321, adopted April 14, 1950, requires owners of improved property to connect with the sewer system within three months after notice. As a penalty for failure to comply with the ordinance and for the violation of any of its provisions a fine of $30.00 is prescribed. It was under said ordinance that the present action was instituted. Appellant argues that the compulsion feature of this ordinance is irreconcilable with the "contractual consent" required by Ordinance No. 333, adopted October 8, 1951. Section 1 of the later ordinance provides: "Before any connection shall be made by any property owner to any Schuylkill Haven Sanitary Sewer, permission to connect to the sewer in the abutting or adjoining street, alley or other public highway shall be obtained and a contract for sewer service signed. The sewer connection permit and the contract for sewer service shall be issued to the property only upon application to the office of the Borough Utilities in the Borough Hall". Substantially the same question was disposed of by the court below in overruling appellants' demurrer to the original complaint, and we quote with approval the following ex-

cerpt from the well-considered opinion which Judge Curran filed in that connection: "Viewing the two ordinances in the light of the rules and guides above referred to, we cannot conclude that the Borough Council intended on the one hand to require property owners to connect with the sewerage system when available, and on the other forbid them from connecting to the sewer system. We believe the latter ordinance to be regulatory only and under its provisions the Borough officials of Schuylkill Haven could not refuse permission to connect, or refuse to enter into a service contract with any property owner who complied with the regulations of the ordinance".

In *Purcell v. City of Altoona*, 364 Pa. 396, 72 A. 2d 92, it was held that a municipal corporation, when exerting its function for the general good, is not to be shorn of its powers by mere implication. The language used must be considered in a sense which harmonizes with and gives effect to the subject matter and general purpose and object sought to be achieved by the ordinance: *Cloverleaf Trailer Sales Co. v. Borough of Pleasant Hills*, 366 Pa. 116, 76 A. 2d 872. Any doubt with regard to the construction of an ordinance must be resolved in favor of its validity: *Whitpain Township v. Bodine*, 372 Pa. 509, 94 A. 2d 737. The "contract" mentioned in Ordinance No. 333 is in the nature of a registration, much the same as the "license" in *Sterling v. City of Philadelphia*, 378 Pa. 538, 106 A. 2d 793. There it was held that a license fee was simply "a registration charge,—a mere procedural device to establish the identity of those" subject to the Philadelphia mercantile tax. So far as appellants' constitutional arguments are concerned, the plain fact is that the borough was compelled to erect the sewage disposal system by order of the Pennsylvania Sanitary Water Board acting under the mandate of the Pure

Streams Act[2]. The constitutionality of this statute has been upheld in a number of cases. See *Commonwealth ex rel. Shumaker v. N. Y. & Pa. Co.*, 367 Pa. 40, 79 A. 2d 439; *Evans v. Norriton Twp. Mun. Auth.*, 370 Pa. 150, 87 A. 2d 474; *Commonwealth ex rel. Woodside v. Brigeport Boro.*, 378 Pa. 406, 106 A. 2d 615; *Commonwealth v. Sonneborn*, 164 Pa. Superior Ct. 493, 66 A. 2d 584.

Appellants' fourth contention is that a borough may not use its police power for the admitted purpose of raising revenue. Their position is that, because the lease from the authority provided that the borough would compel the abutting owners to connect with the sewer and pay the rents needed to amortize the bond issue, Ordinance No. 321 is a revenue raising measure. "It is the commonest exercise of the police power of a State or city to provide for a system of sewers and to compel property owners to connect therewith. And this duty may be enforced by criminal penalties . . . It may be that an arbitrary exercise of the power could be restrained, but it would have to be palpably so to justify a court in interfering with so salutary a power and one so necessary to the public health": *Hutchinson v. City of Valdosta*, 227 U. S. 303, 57 L. Ed. 520, 33 S. Ct. 290. We do not understand appellants to question the reasonableness of the sewer rentals. Their argument is directed solely to the proposition that the charging of such rentals is "a flagrant abuse of the police power" because it thereby raises revenue. While it is true that a legislative enactment designed solely or even principally for the purpose of producing revenue cannot be justified as a valid exercise of the police power, *Putney v. Township of Abington*, 176 Pa. Superior Ct. 463, 108 A. 2d 134, a complete answer to appellants' contention is found in Sections 1 and 2 of the

---

[2] Act of June 22, 1937, P.L. 1987, 35 P.S. 691.1 et seq.

Act of July 18, 1935, P. L. 1286, as amended, 53 P. S. 2231 and 2232. This legislation specifically empowers the collection of a sewer charge in a sum sufficient to maintain the sewer system, and amortize the indebtedness incurred. In the light of this statutory provision, and in the absence of any proof or claim that the rates charged in Schuylkill Haven Borough exceed the charges authorized by the statute, appellants' contention is devoid of merit.

Appellants' fifth and final contention is as follows: "The ordinance is unequally enforced as a matter of official policy, and for an improper purpose, thus denying equal protection of the law". This contention is based on the admitted fact that sewer charges are presently being paid by some 219 owners whose properties are actually not connected with the sewer system. This admission by the appellee was part of a stipulation which further set forth that the policy of withholding legal action against such property owners was dependent upon the final disposition of actions which had been brought against wholly uncooperative property owners. In view of the fact that the instant proceeding has been before the courts since 1953, it is understandable that the borough would not desire to process 219 additional cases through the same series of legal hurdles. The present action was instituted in the nature of a test case, and it is asserted in appellee's brief that counsel for appellants agreed that other legal actions should be withheld pending the outcome of the instant proceeding. There is no showing that the borough has relinquished its rights against the non-cooperating property owners, or that the present action differs in any way from the remedy provided for by Ordinance No. 321 in the event of refusal to connect with the sewer system. Our conclusion is that appellants have not been denied equal protection of the law.

Judgment affirmed.