J-A11035-25         2025 PA Super 122

| | | |
|---|---|---|
| MATTHEW S. BALSAVAGE AND AMANDA M. PERKO | : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | | |
| JAMES P. MILLER, MOON DANCER VINEYARDS & WINERY, INC. & MOON DANCER HOLDINGS, LLC | | No. 1067 MDA 2024 |
| Appellants | | |

Appeal from the Order Entered July 8, 2024
In the Court of Common Pleas of York County Civil Division at No(s):
2018-SU-002772

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.:       **FILED: JUNE 12, 2025**

Defendant/Appellants, James P. Miller, Moon Dancer Vineyards & Winery, Inc. & Moon Dancer Holdings, LLC (hereinafter, "Appellants" or "the Winery"), appeals from the order entered in the Court of Common Pleas of York County on July 8, 2024, denying their motion to rescind a prior order of the court which granted summary judgment in favor of Plaintiff/Appellees. Appellees, Matthew S. Balsavage And Amanda M. Perko (hereinafter, "the homeowners" or "the couple"), are a married couple whose residential property is adjacent to Mr. Miller's property, contiguous from where the Moon Dancer Winery is operated. After a careful review, we affirm.

---

[*] Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: In 2003, Appellant Mr. Miller began operating Moon Dancer Winery in Lauxmont Farms, a hilltop development in Eastern York County. Located on the property to the immediate south of the winery is Mr. Miller's residential property. In 2016, the couple purchased a home in Lauxmont Farms to the immediate south of Mr. Miller's residence. These properties are located in Section III of Lauxmont Farms which is subject to certain recorded covenants and restrictions that are expressed in the deeds to the properties.

When the couple moved in, they learned that the Winery's operations included a tasting room, a pizzeria restaurant with regular business hours, a wedding venue, and a site for music festivals. The couple was beset by the Winery's substantial noise and by patrons of the Winery utilizing a driveway between the couple's property and Mr. Miller's residential property. The couple initiated litigation seeking and obtaining a preliminary injunction prohibiting use of the common driveway for Winery access. The couple thereafter retained new counsel and filed the instant action regarding the use restrictions in the deeds governing the respective properties.

This action commenced by complaint filed on October 22, 2018. Appellants filed an answer with new matter on December 17, 2018, arguing

that the Winery was agricultural, not commercial, in nature.[1] Answer, 12/17/18, at 7. On January 7, 2019, the couple filed a reply to new matter as well as a separate motion for summary judgment on the pleadings. The motion for summary judgment, accompanied by a brief, argued that the commercial nature of the Winery was clear on the face of the pleadings and that the plain language of the deeds prohibited the Winery's operations. Motion for SJ, 1/7/19, at 2. The Winery filed a brief in opposition on February 7, 2019. On February 13, 2019, the trial court denied the motion.

On April 12, 2019, the homeowners made a request for discovery. After receiving no response from the Winery, the homeowners filed a motion to compel discovery on May 28, 2019. The trial court entered an order on June 18, 2019, compelling discovery and warning of the imposition of sanctions in the event of non-compliance. For whatever reason, this order was not docketed. In September 2021, the York County Prothonotary issued a notice of proposed termination of the case to which the homeowners filed a statement of intention to proceed on October 28, 2021.

_____

[1] Although not relevant to the disposition of this appeal, we note that while Appellants insist that their operations are agricultural and not commercial in nature, Appellants state in their motion to rescind, "The closure of Moon Dancer will result in the cancellation of public festivals at Moon Dancer, which in turn will result in the loss of work for staff, musical artists, food truck owners, and outside businesses." Motion to Rescind, 6/6/24, at 16. Thus, Appellants admit that in the course of their operations, the public, staff, musicians, food trucks, and other business populate Lauxmont Farms, a residential area.

The trial court's June 2019 order compelling discovery was finally filed on November 23, 2022. After receiving no response from the Winery, the homeowners filed a motion for sanctions on March 8, 2023. A rule to show cause was issued and duly served on the parties on April 13, 2023, and, after receiving no response from the Winery, a petition for a rule absolute was filed on May 9, 2023. On May 10, 2023, trial court Judge Menges entered an order granting sanctions. The order precluded the Winery from introducing any evidence that they were not engaged in a commercial enterprise and indicated that the couple was entitled to attorneys' fees. Tr. Ct. Order, 5/10/23, at 2. The homeowners filed a petition for attorneys' fees on May 23, 2023. After receiving no response from the Winery, a petition for rule absolute was filed on June 15, 2023. Judge Menges granted the requested attorneys' fees in the sum of $8,380 by order dated June 19, 2023.

The homeowners filed a motion for summary judgment on July 31, 2023. No attorneys' fees had been paid and no response was filed by the Winery in opposition to the motion for summary judgment. On May 20, 2024, trial court Judge Vedder granted the motion for summary judgment, finding that the Winery is commercial in nature and that only residential uses were permitted pursuant to the restrictive covenants governing the properties. Appellants were ordered to cease operations, close the Winery, and pay the couple's attorneys' fees. Tr. Ct. Order, 5/20/24, at 2.

Upon summary judgment being granted, Appellants' prior counsel withdrew, and the Winery hired new counsel. On June 6, 2024, the Winery filed a motion asking the trial court to (1) rescind the order granting summary judgment and (2) allow Appellants to file a *nunc pro tunc* response to the couple's motion for summary judgment. Motion to Rescind, 6/6/24, at 13, 16. On June 18, 2024, Judge Vedder temporarily stayed his order granting summary judgment.

Following argument and reconsideration of the motion for summary judgment, Judge Menges[2] entered an order on July 3, 2024, denying Appellant's motion to rescind. Judge Menges explained that the orders Appellants sought to rescind by their motion were only entered by Judge Vedder after (1) the homeowners petitioned, (2) the court issued a rule to show cause, (3) no response was filed by Appellants, and (4) the couple filed a motion to make rule absolute. The order noted that the negligent actions of the Winery's former attorney in failing to effectively communicate the status of their case does not entitle them to extraordinary relief. Order of Judge Menges, 7/3/24, at 1-2.

---

[2] Note that Judge Menges, who denied Appellant's motion to rescind the order granting summary judgment, was the same trial court judge who entered the order compelling discovery and attorneys' fees, but not the judge who granted summary judgment. Judge Vedder, the judge who granted summary judgment, subsequently also denied Appellant's motion to rescind.

Interestingly, on July 8, 2024, Judge Vedder also ruled on the same motion to rescind. Judge Vedder, who originally granted summary judgment, also denied Appellant's motion to rescind and rejected Appellant's request to file a *nunc pro tunc* response, adopting the rationale from Judge Menges' July 3 order. Order of Judge Vedder, 7/8/24, at 1. The order also vacated the temporary stay and instructed Appellants to close the Winery in compliance with his May 20, 2024, order granting summary judgment.

Appellants filed a timely notice of appeal on July 19, 2024. Appellants filed a motion to stay pending appeal which was granted by order of the trial court dated August 7, 2024. Appellants filed a statement pursuant to Pa.R.A.P. 1925(b) on August 7, 2024. The homeowners, believing that no issues had been preserved for appellate review, filed with this Court a motion to dismiss the pending appeal on August 29, 2024. On November 1, 2024, we granted in part and denied in part the motion to dismiss the appeal, concluding that a challenge to the trial court's grant of summary judgment was not preserved for appeal, but that Appellants could challenge the denial of their request to file a *nunc pro tunc* response to summary judgment. Super. Ct. Order, 11/1/24, at 1. The trial court filed a Rule 1925(a) opinion on December 6, 2024. This appeal follows.

Appellants have presented two questions for our review:

> 1. Did the Trial Court err as a matter of law and abuse its discretion in denying Moon Dancer's motion to rescind the court's May 20, 2024 order where Moon Dancer demonstrated extraordinary circumstances supporting *nunc pro tunc* relief?

2. Did the Trial Court err as a matter of law and abuse its discretion in denying Moon Dancer's motion to rescind the court's May 20, 2024 order on the basis that Moon Dancer did not allege fraud in support of its request for *nunc pro tunc* relief where Moon Dancer did indeed allege fraud in its motion to rescind?

Appellant's Br. at 9.

The issue we must decide in this appeal is whether the trial court erred in determining that Appellants are not entitled to file a *nunc pro tunc* response to the couple's motion for summary judgment. We begin with our standard of review:

> The standard of review applicable to the denial of [a request for] *nunc pro tunc* [relief] is "whether the trial court abused its discretion." An abuse of discretion is not merely an error of judgment but is found where the law is "overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." **Lenhart v. Cigna Cos., Appeal of: Life Ins. Co. of North America**, 824 A.2d 1193, 1195 (Pa. Super. 2003), citing, **Freeman v. Bonner**, 2000 PA Super 317, 761 A.2d 1193, 1194-1195 (Pa. Super. 2000) (citations omitted). The circumstances occasioning the failure to file [required documents] must not stem from counsel's negligence or from a failure to anticipate foreseeable circumstances. **Criss v. Wise**, 781 A.2d 1156 (Pa. 2001).

**Raheem v. Univ. of the Arts**, 872 A.2d 1232, 1234 (Pa. Super. 2005).

> The trial court may grant *nunc pro tunc* relief: (1) where the appellant demonstrates that a late filing was the result of non-negligent circumstances, that the request for *nunc pro tunc* relief was made shortly after the relevant deadline passed, and that relief would not prejudice the other party; (2) where a breakdown in court operations occurred; or (3) where fraud has been established.

***Vietri ex rel. Vietri v. Delaware High Sch.***, 63 A.3d 1281, 1284 (Pa. Super. 2013).

Here, Appellants' arguments focus on the first and third prongs. Appellants aver that when their prior counsel informed them that summary judgment had been entered against them in May 2024, it was the first time counsel had communicated with them since the summer of 2019. Appellants' Br. at 22. Appellants claim that because of prior counsel's failure to communicate, they were never made aware of any filing that took place in this matter during those years. ***Id***.

Appellants' motion sets forth two bases in support of their request for *nunc pro tunc* relief; (1) that extraordinary circumstances deprived them of their constitutional right to due process, and (2) that there was fraudulent concealment on the part of prior counsel. Motion to Rescind, 6/6/24, at 2, 16-17. The homeowners argue that Appellants conflate the right to effective counsel in the context of criminal cases with the circumstances of this civil action. Appellee's Br. at 16-17. The homeowners further point out that Appellant requested *nunc pro tunc* relief ten months after summary judgment was granted. ***Id.*** at 16. Finally, the homeowners argue that Appellants did not allege fraud in their motion as required, but instead hypothetically averred that prior counsel's inaction "potentially rises to the level of fraudulent concealment." Appellee's Br. at 19 (citing Motion to Rescind, 6/6/24, at 17).

Preliminarily, we emphasize that "an aggrieved party in a civil case, involving only private litigants, unlike a defendant in a criminal case, does not have a constitutional right to the effective assistance of counsel." ***Roberts v. Pilcavage***, 447 A.2d 650 (Pa. Super. 1982); ***see also In re Adoption of T.M.F.***, 573 A.2d 1035 (Pa. Super. 1990) (*en banc)*. Thus, we reject Appellant's argument that prior counsel's failure to communicate with them, for whatever reason, results in a violation of their constitutional rights.

We also agree with the homeowners that a request for *nunc pro tunc* relief made ten months later is not "shortly after the relevant deadline passed." ***Vietri, supra***; ***see, e.g. Amicone v. Rok***, 839 A.2d 1109, 1115-16 (Pa. Super. 2003) (determining that the movant was not entitled to *nunc pro tunc* relief where he waited more than four months to file his petition); ***Fischer v. UPMC Northwest***, 34 A.3d 115, 123 n.7 (Pa. Super. 2011) (distinguishing ***Amicone*** and ruling that the appellants had established their right to *nunc pro tunc* relief where they filed a motion for relief within five days); ***Perry v. Unemployment Compensation Board of Review***, 459 A.2d 1342 (Pa. Cmwlth. 1983) (holding that petitioner was entitled to *nunc pro tunc* relief where counsel filed an appeal one day late); ***Commonwealth v. Stock***, 679 A.2d 760, 764 (Pa. 1996) (granting *nunc pro tunc* relief when notice of appeal was filed one week late).

Finally, while the homeowners are correct that Appellants' motion alleges only "potential" fraud in paragraph 125, we acknowledge that it does

allege "fraudulent concealment" in paragraph 99 and "malfeasance" in paragraphs 99 and 118. Motion to Rescind, 6/6/24, at 14, 16, 17. Malfeasance is a breach of duty or performance of an intentional act done "with an improper or corrupt motive." **Commonwealth v. Bellis**, 472 A.2d 194, 200 (Pa. Super. 1984). Nonetheless, merely alleging fraud as a legal conclusion is meaningless if it is not based upon facts which clearly and explicitly constitute such fraud. **Dwyer v. Rothman**, 431 A.2d 1035 (Pa. Super. 1981). If fraud is being alleged as a basis for *nunc pro tunc* relief, it must be actually established. **Vietri, supra.** Appellants' motion fails to set forth facts establishing a claim of fraud.

Judge Vedder sated the following in his 1925(a) opinion:

> By order dated July 8, 2024, we denied *Appellant's Emergency Motion to Rescind and to Allow Defendants to File a Nunc Pro Tunc Response to Plaintiffs' Motion for Summary Judgment*, based upon the sound rationale set forth in the body of the Honorable Matthew D. Menges' Order dated July 3, 2024, wherein he denied the motion to rescind as it related to his orders dated May 10, 2023, and June 19, 2023, noting the following:
>
> > We believe Defendants' request should be analyzed in the same manner a request for *nunc pro tunc* would be analyzed, that is whether there has been fraud or a breakdown in the system or a non-negligent reason for the absence of action. **See Criss v. Wise**, 566 Pa. 437, 442, 781 A.2d 1156, 1159 (2001) (where it states, "Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. In **Bass v. Commonwealth Bureau of Corrections, et al.**, 485 Pa. 256, 401 A.2d 1133 (1979), however, this Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice

of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court.") (internal citations omitted).

Defendants' present petition alleges negligent acts on the part of their former attorney, that is the failure to effectively communicate the status of their case. Defendants' failure to allege fraud, a breakdown of the system, or non-negligent circumstances does not require us to hold a hearing to determine if one or more of these circumstances were present. ***See Anflick v. Gruhler***[,] 353 Pa. 470, 472, 46 A.2d 161, 162 (1946) (where it states, "Neither allegations without proof nor proof without allegations nor allegations and proof which do not substantially correspond will entitle a plaintiff to recover unless such defect be remedied by amendment.") (internal citations omitted).

*Order Denying Motion to Rescind*, J. Menges, July 3, 2024.

The petition before us requesting an opportunity to appeal our order granting summary judgment was not couched differently than the motion before Judge Menges. In their motion, Appellants merely complain that they did not learn of our adverse ruling timely enough to allow them opportunity take an appeal within 30-days of entry. This averment does not constitute extraordinary circumstance involving fraud. Rather, it demonstrates a communication breakdown in the attorney-client relationship between Appellants and their prior counsel. Of equal import, an appeal *nunc pro tunc* cannot be granted in cases, like here, where Appellants cannot meet the threshold requirement that the appeal was untimely filed because of non-negligent circumstances related to their counsel. ***Criss v. Wise***[,] 566 Pa. 437, 781 A.2d 1156, 1159 (2001), citing ***Bass v. Commonwealth Bur. of Corrections***, 485 Pa. 256, 401 A.2d 1133 (1979).

Tr. Ct. Op. at 3-4.

We agree with the trial court and discern no abuse of discretion.

Appellants' motion fails to demonstrate a non-negligent reason for prior

- 11 -

counsel's failure to communicate with them or file the proper documents with the trial court. *See Fischer v. UPMC Northwest*, 34 A.3d 115, 120 n.2 (Pa. Super. 2011) (stating *nunc pro tunc* relief in non-negligent circumstances "is meant to apply only in unique and compelling cases in which the appellant [] clearly established that [he or] she attempted to file [a pleading], but unforeseeable and unavoidable events precluded [him or] her from actually doing so" (citation omitted)); *see also Cook v. Unemployment Compensation Bd. of Review*, 671 A.2d 1130, 1132 (Pa. 1996) (finding a non-negligent circumstance when the attorney was unable to file a timely notice of appeal after being hospitalized and unable to perfect the appeal from his hospital bed); *Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979) (finding a non-negligent circumstance when the attorney drafted a notice of appeal six days prior to expiration of time allowed for filing the same, and counsel's secretary, unaware the notice of appeal was placed on her desk for filing, became ill, left work, and did not return to work until after the deadline for filing the notice of appeal passed).

Here, it was not suggested that any such circumstance occurred. Appellants claim "extraordinary circumstances" because real property is unique and the result of this case is "the loss of real property." Appellant's Reply Br. at 26-27. First, we note that the result of this action is not the loss of real property—Mr. Miller still owns the property adjacent to his residential property from where he had been operating the Winery. Second, for

"extraordinary circumstances" to be demonstrated, the circumstance must be related to the attorney's failure to file, not related to the result of the litigation if relief is not granted. Thus, while we are sympathetic that Appellants can no longer operate their business, this is not the "extraordinary circumstance" that a court considers. Accordingly, we affirm.

Order Affirmed.

Judge Murray joins the opinion.

Judge King did not participate in the decision of this case.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/12/2025