## Spangler Brewing Company *v.* McHenry, Appellant.

*Equity—Pleadings—Allegata and probata—Bills for accounting —Decree not in conformity with prayers.*

1. The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle the plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief. If there is nothing in the testimony to sustain the bill as filed, it must be dismissed.

2. Proceedings in equity may not be stretched to give relief from a specific wrong not averred in the bill of complaint, or to make a decree not in conformity to its prayers.

3. Where a bill in equity was filed against the treasurer of a corporation, averring only his failure to perform his duties as prescribed in the by-laws and to account for moneys had and received by him in his capacity as treasurer of the company, and containing a prayer in the usual form for an accounting, the master and the court below could not turn the proceeding into one for the investigation of the way in which a large amount of stock had been issued by the company itself, and after finding that it had been unlawfully issued by the company to the defendant, as an individual, make a decree in a case against him as treasurer, to the

effect that he was responsible to the company for the par value of the said stock.

*Corporations—Stock subscription—Liability for par value—Suit by corporation.*

4. Where it appeared that the stockholders of a corporation had recommended at their first meeting that the directors should purchase certain real estate from defendant, one of the promoters and afterwards treasurer of the company, paying therefor a large amount of the full paid capital stock of the company far in excess of the value of the real estate, and the directors had acted upon this recommendation, and the stock thus transferred to the defendant had then been distributed among the stockholders in certain proportions, the corporation is in no position by bill in equity to compel the defendant to pay into its treasury the par value of the said stock less the actual value of the real estate transferred by him, especially where it appears that seven years have elapsed since the transaction, and that many of the present stockholders of the corporation were the same among whom the said stock was divided.

Argued October 7, 1913.    Appeal, No. 197, Oct. T., 1913, by George W. McHenry, defendant, from decree of C. P. Cambria Co., Dec. T., 1910, No. 3, dismissing exceptions to master's report in case of Spangler Brewing Company v. George W. McHenry. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ.    Reversed.

Bill in equity for an accounting.    Before STEPHENS, P. J.

The opinion of the Supreme Court states the case.

The court awarded the relief prayed for in the bill. Defendant appealed.

Error assigned, among others, was the decree of the court.

*C. Ward Eicher* of *Eicher & Eicher* and *J. S. Moorehead* of *Moorehead & Smith,* with them *Harvey Rowland* and *W. A. McGuire,* for appellant.

*M. D. Kittell* and *H. H. Fisher,* with them *Philip N. Shettig,* for appellees.

OPINION BY MR. JUSTICE BROWN, January 5, 1914:

In the bill filed by the appellee for an accounting by George W. McHenry, its treasurer, the following are the material paragraphs:

"III. Section five of Article Two of the By-laws of the Spangler Brewing Company regularly adopted at a meeting of the stockholders of said company reads as follows:

"'The Treasurer shall be elected by the Board of Directors. He shall be the custodian of the funds of the corporation. He shall receive and receipt for stock assessments and shall sign certificates of stock full paid up and ordered issued by the Board of Directors. He shall, in a book kept for that purpose, keep a full account of all moneys received by him belonging to the Company, from whom received and from what source. He shall keep a like account of all payments made by him, and preserve the bills, vouchers or orders for same. He shall submit to the Board at its regular monthly meeting an itemized statement of all receipts and payments for the past calendar month together with the bills, vouchers and orders on which payments were made; and he shall submit to the Stockholders at their annual meeting a like report for the past year. He shall have power to receive and receipt for all bills, accounts, notes, etc., due the Company and the same to sue for and recover in the corporate name. He shall keep the funds of the corporation in a bank or banks in the name of the corporation and present all checks to the President or Vice-President exceeding $100.00 to be countersigned. He shall give bond in such sum as the Board of Directors shall from time to time require, with such security as they may approve of.'

"IV. That notwithstanding his duties in the premises said G. W. McHenry never submitted to the Board of

Directors 'an itemized statement of all receipts and payments together with the bills, vouchers and orders on which payments were made,' and he never submitted a like report at an annual meeting of the Stockholders, although he was often requested to do so, whereby the Board of Directors and the Stockholders have been kept in ignorance of the state of his accounts as Treasurer of said corporation.

"V. That notwithstanding his duty to 'keep the funds of the corporation in a bank or banks in the name of corporations, and present all checks to the President or Vice-President exceeding $100.00 to be countersigned,' yet, disregarding his duty in this respect said G. W. McHenry did not deposit or keep the funds in the name of the Spangler Brewing Company in any bank, and on many occasions he paid out large sums of money exceeding $100.00 in amount, without having the checks countersigned.

"VI. That said G. W. McHenry paid out large sums of money of the funds of your orator without authority of the Board of Directors, and in payment of bills wherein a secret advantage and gain accrued to the said G. W. McHenry, thereby defrauding your orator.

"VII. That said G. W. McHenry as Treasurer, received large sums of money for your orator, which have not been accounted for and placed to the credit of your orator either on the books of the Company or in the banks in which the funds of your orator are deposited; and said G. W. McHenry kept no books of account as Treasurer showing the amount of money received and paid out for your orator.

"VIII. That by reason of the negligent and fraudulent acts of said G. W. McHenry as above recited, your orator has lost large sums of money; and upon an accounting had of the management of said Treasurer and his accounts, it will be shown that he is indebted to your orator in a large amount."

The prayers of the bill are:

"I. That said defendant be required to set forth an account of all and every sum and sums of money received by him, or by any person or persons by his order, or for his use, for or in respect of your orator; and when, and from whom, and from what in particular all and every such sums were received, and how the same respectively have been applied or disposed of.

"II. That the defendant may be decreed to pay to the plaintiff, what, upon such account, shall appear to be due to the plaintiff.

"III. That your orator may have such further and other relief in the premises, as the nature and circumstances of the case may require, and to your Honor may seem meet."

The appellee failed to show that the appellant had not accounted for all moneys he had received as its treasurer, or that he had realized any secret advantage or gain in disbursing its funds. On the contrary, after a protracted hearing and the taking of much testimony before a master, it affirmatively appeared that the appellant had accounted for every dollar he had received as treasurer for or on account of the appellee. After charging him with all the moneys he had received, the master credited him with payments exactly equalling the receipts. The account between the company and its treasurer for all moneys received by him was square; but, notwithstanding this, there followed, on June 13, 1913, a decree that he pay to the company the sum of $53,050, with interest from October 6, 1903. This decree resulted from a state of facts found by the master, which may be briefly summarized. In the spring of 1903 McHenry, the appellant, and others decided to establish a brewery at Spangler, Cambria County. Prior to the incorporation of the company he had taken title to certain lots of ground for which he paid $850.00. The charter of the appellee was left for record in the recorder's office on July 1, 1903, and the first regular meet-

ing of the subscribers to the capital stock was held on the fifth of the following month. At this meeting all of the incorporators were present. McHenry still held title to the real estate which he had purchased for $850.00, and, carrying out a prearranged plan of the promoters of the brewery enterprise, who became the in-corporators of the company, the stockholders, at the organization meeting of August 5, 1903, recommended that the directors purchase the said real estate from McHenry by delivering to him therefor full-paid capital stock of the company to the amount of $57,900. This action of the stockholders was duly recorded in the minutes of their proceedings. On the same day the directors, elected by the stockholders, held their first meeting, and, after organizing, it was resolved to purchase the said real estate from McHenry, as recommended by the stockholders. This action of the directors was duly recorded in their minutes. On October 6, 1903, certificates for $57,900 of the capital stock of the company were issued to McHenry in pursuance of the pre-existing arrangement between him and the other stockholders. He divided among them the stock thus issued to him for the real estate, each stockholder, with a single exception, receiving of the stock so issued sixty per cent. of his original subscription. Under the arrangement $6,000 of the stock went to McHenry. In this transaction no money came into his hands. On the stock issued to him the master and the court below credited him with the $850 which he had paid for the lots and with $4,000 in addition, paid by him for other real estate which he turned over to the company, leaving the balance charged against him $53,050.

A contention of the appellant in the court below and here was and is that the stock transaction was not within the scope and purpose of the bill, and that the decree is utterly foreign to the relief prayed for. The bill is a plain one, averring only a failure of the appellant to perform his duties as prescribed in the by-laws

and to account for moneys had and received by him in his capacity as treasurer of the company, and the prayer is in the usual form for an accounting. But this simple bill, having but one clear purpose, was turned by the master and the court below into one for the investigation of the way in which a large amount of stock had been issued by the company itself, and, after a finding that it had been unlawfully issued by the company to McHenry as an individual, the decree in this proceeding against him as treasurer is that he is now responsible to the company for the par value of the said stock, with interest from the date of issue. What averment in the bill supports this decree? In answer to what prayer was it made? Proceedings in equity may be elastic, but there is a limit to their elasticity. They are not to be stretched to give relief from a specific wrong not averred in a bill of complaint or to make a decree not in conformity to its prayers. This is just what was done in the case before us, and it was done in plain disregard of a rule of equity procedure laid down in all the text books and repeated time and again in chancery reports. Learned counsel for appellee make no attempt in their printed brief to justify this irregular proceeding. "The relief afforded by a decree in equity must conform to the case as made out by the pleadings as well as to the proofs. Every fact essential to entitle a plaintiff to the relief which he seeks must be averred in his bill. Neither unproved allegations nor proof of matters not alleged can be made a basis for equitable relief. Relief cannot be granted for matters not alleged: 16 Cyclopedia of Law and Procedure, 483. Neither allegations without proof nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle complainant to relief, unless the defect be remedied by amendment: 1 Daniel's Ch. (6th Ed.), 361, note. A complainant can be afforded such relief only as he is entitled to under the allegations of the bill: Marshman v. Conklin, 21 N. J. Eq. 546. The order or

decree of a court of chancery should conform to the prayer in the bill: Horton's App., 13 Pa. 67. A master who finds that there is nothing in the testimony to sustain a bill as it is filed, should report a decree dismissing it: Morio's App., 4 Pennypacker 398. Every averment necessary to entitle a plaintiff in equity to the relief sought must be contained in the stating part of the bill: Thompson's App., 126 Pa. 367; Pa. S. V. Railroad Co. v. P. & R. Railroad Co., 160 Pa. 277. Authorities need not be multiplied in support of the rule that the relief afforded by the decree must conform to the case as made out by the pleadings, and that it must be consistent with the relief prayed for. Applying this rule to the decree before us, it cannot be affirmed": Luther v. Luther, 216 Pa. 1.

Even if the appellee's bill could be so stretched as to bring the decree against the appellant within its scope and purpose, the action of the court below would still have to be reversed. The decree is not for the relief of innocent stockholders who may have been wronged by the issue of the stock to McHenry, but it is that he pay into the treasury of the company, for its use and benefit, a large sum of money; and this in the face of the fact that the company had itself issued the stock to McHenry in pursuance of authority to do so given to the directors by all of the original stockholders, each of whom, with a single exception, promptly took his allotted share of the said stock. But more than this appears. More than seven years elapsed from the time the stock was so issued before the bill was filed upon which the court below made its decree; and if that decree should now be enforced, the appellant would be compelled to pay into the treasury of the brewing company more than $80,000, to enure largely to the benefit of the very men who, as original stockholders, were themselves parties to the issue of the stock to McHenry, one of whom is now the president of the company, with his name subscribed to the bill of complaint. As the decree must be reversed,

for the reason that it was not within the contemplation of the bill, nothing more need be said of its unconscionable character.

Under the facts found by the master, the appellee was justified in filing its bill for an accounting by its treasurer of the moneys received and disbursed by him. It is, therefore, ordered that he pay the costs incurred in the proceedings in the court below.

Decree reversed, without prejudice to the rights of innocent stockholders of the appellee who may have been wronged by the issue of the stock to McHenry, the costs on this appeal to be paid by the appellee.