538 A.2d 502

Janet S. HOUSTON, Virginia W. Kelso, William Fraker
and Arlene M. Fraker

v.

TEXACO, INC., H.J. Tanner, Inc., Oliver F. Martin, Evelyn
Y. Martin and Jay H. Shannon and Arlene Shannon,
t/d/b/a Shannon's Service Station.

Appeal of H.J. TANNER, INC.

Janet S. HOUSTON, Virginia W. Kelso, William L. Fraker
and Arlene M. Fraker, Appellants,

v.

TEXACO, INC., H.J. Tanner, Inc., Oliver F. Martin, Evelyn
Y. Martin, Jay H. Shannon and Arlene Shannon, t/d/b/a
Shannon's Service Station, Appellees.

Janet S. HOUSTON, Virginia W. Kelso, William L. Fraker
and Arlene M. Fraker

v.

TEXACO, INC., H.J. Tanner, Inc., Oliver F. Martin, Evelyn
Y. Martin and Jay H. Shannon and Arlene Shannon,
t/d/b/a Shannon's Service Station.

Appeal of Jay H. SHANNON and Arlene Shannon, t/d/b/a
Shannon's Service Station.

Superior Court of Pennsylvania.

Argued Nov. 29, 1986.

Filed Jan. 11, 1988.

Reargument Denied March 2, 1988.

400

Wayne F. Shade, Carlisle, for Houston.

William A. Addams, Carlisle, for Shannon.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

The principal issues in this appeal are whether damages may be recovered for (1) emotional distress and (2) inconvenience and discomfort resulting from the contamination of well water negligently allowed to leak from the storage system of a neighboring gasoline service station. We conclude that recovery may be had for inconvenience and discomfort but that there can be no recovery for emotional distress in the absence of attending physical injury. Because the plaintiffs failed to plead a claim for inconvenience and discomfort, however, the jury should not have been permitted, over objection, to consider such a claim.

Jay and Arlene Shannon were the operators of Shannon's Service Station in Centerville, Penn Township, Cumberland County. The gasoline dispensing system at the service station was owned by H.J. Tanner, Inc. (Tanner), a corporation engaged in the business of buying gasoline at wholesale and reselling the same to service station operators. Pursuant to agreement, Tanner was required to maintain and keep in repair the gasoline tanks and equipment which the Shannons used at their service station.

In August, 1981, petroleum distillates were discovered in the well water of Janet Houston, a resident of Centerville, whose home was situated across the street from Shannon's Service Station. At the request of the Pennsylvania Department of Environmental Resources, Tanner tested the station's gasoline dispensing system and discovered that it contained a leak. Tanner repaired the defective portion of the system and conducted an air pressure test. The results of the test suggested that the repairs had been properly made and that the system contained no other leaks. Between June and August of 1982, however, gasoline derivatives were again discovered in Houston's well. They were also discovered in the wells of William and Arlene Fraker and Virginia Kelso, who also were neighbors. Within a month of the last discovery, Shannon reported to Tanner that one of the underground tanks of gasoline had leaked in excess of 500 gallons of gasoline during a forty-eight hour period. Tanner immediately pumped the remaining gasoline out of the leaking tank and filled the tank with concrete.

On June 2, 1983, Houston, Kelso and the Frakers filed a complaint in trespass against Tanner and the Shannons, alleging that each defendant had been negligent in failing to detect and repair the leaking storage tank.[1] In their complaint, the plaintiffs sought recovery for the cost of water purification equipment, damage sustained to their water pumps and septic systems, increased electric bills, diminution in the value of their homes, and severe emotional distress. With respect to their alleged emotional distress, they asked to be compensated by both compensatory and punitive damages.

Thereafter, Tanner paid all costs incurred by the plaintiffs in installing filtration systems in their homes. When

1. Also named as defendants were Oliver and Evelyn Martin, who owned and leased to the Shannons the property on which the service station was located, and Texaco, Inc., which supplied gasoline to Tanner, Inc. Compulsory nonsuits were entered in favor of these defendants at the close of all the evidence. These nonsuits are not in issue in this appeal.

these systems proved unsuccessful, Tanner, at its own expense, furnished each plaintiff with a completely new well. These wells have remained free of gasoline contamination and continue to supply plaintiffs with potable water.

Plaintiffs' claims for special damages, therefore, were abandoned. They proceeded to trial solely upon the claims that defendants had negligently caused them emotional distress. In support thereof, the plaintiffs testified that they had become upset and bitter because of the gas leak. There was no evidence, medical or lay, that any members of the household had become ill because of the consumption of contaminated water. Plaintiffs also offered evidence regarding the inconveniences which they had endured because of the contamination of their wells.

The trial court instructed the jury as follows:

Since certain expenses of all of these plaintiffs have been paid to date by Tanner, such as the drilling of new wells on their properties, your determination of the appropriate damages on the unique facts of this case must be determined as follows: With regard to what we call compensatory damages: 1. Each plaintiff shall be entitled to be reasonably compensated for all aggravation and inconvenience that he or she has suffered as a result of the contamination of their well water; 2. And this is still part of what we call compensatory damages. Each plaintiff shall be entitled to be reasonably compensated for all mental anguish suffered or to be suffered as a result of the contamination of their well water in the manner in which the gas station has been and is being operated.

The jury returned a verdict for the plaintiffs, apportioning 70% of the causal negligence to Tanner and 30% to the Shannons. Damages were awarded as follows: Janet Houston, $13,000; Virginia Kelso, $10,400; William Fraker, $5,000; and Arlene Fraker, $10,000. Additionally, punitive damages were assessed against Tanner in the following amounts: $25,000 to Houston and Kelso, and $12,500 to each of the Frakers. The verdict was later molded to include delay damages.

From early times, the general rule of law in Pennsylvania has been that, except in limited circumstances, a claimant may not recover damages for negligently inflicted emotional distress in the absence of a physical manifestation of the emotional distress allegedly suffered. *Reimer v. Tien,* 356 Pa.Super. 192, 514 A.2d 566 (1986); *Boarts v. McCord,* 354 Pa.Super. 96, 511 A.2d 204 (1986); *Lazor v. Milne,* 346 Pa.Super. 177, 499 A.2d 369 (1985); *Justice v. Booth Maternity Center,* 345 Pa.Super. 529, 498 A.2d 950 (1985),. *reversed on other grounds,* 510 Pa. 429, 509 A.2d 838 (1986); *Rogers v. Nationwide Mutual Insurance Co.,* 344 Pa.Super. 311, 496 A.2d 811 (1985); *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 471 A.2d 493 (1984). Although the Supreme Court has in recent years created exceptions to the rule under compelling circumstances,[2] the general rule remains extant in this Commonwealth. Compare: *Kazatsky v. King David Memorial Park,* 515 Pa. 183, 527 A.2d 988 (1987) (to recover for *intentional* infliction of emotional distress, plaintiff must prove emotional distress by medical evidence).

It may be that the time has come to create an additional exception to allow damages for mental distress under the circumstances similar to the facts of this case. In a case involving comparable facts, the Supreme Court of Montana held that damages for mental anguish were recoverable against a gasoline service station whose gasoline, because of a negligent installation of tanks, had leaked and contaminated plaintiff's neighboring home and restaurant. *French v. Ralph E. Moore, Inc.,* 203 Mont. 327, 661 P.2d 844 (1983). See also: *Moreland v. Acadian Mobile Homes Park, Inc.,* 313 So.2d 877 (La.App.1975), *cert. denied,* 319

---

**2.** See: *Speck v. Finegold,* 497 Pa. 77, 439 A.2d 110 (1981) (parent allowed recovery for mental distress caused by birth of unplanned, genetically defective child); *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979) (recovery for mental distress permitted for parent who witnessed tortious assault upon her minor child). See also: *Little v. York County Earned Income Tax Bureau,* 333 Pa.Super. 8, 481 A.2d 1194 (1984) (allowing recovery by plaintiff who had been wrongfully imprisoned because of negligent misrepresentation of tax bureau that she had failed to pay taxes).

So.2d 442 (damages for emotional distress allowed where effluent from sewage treatment plant for mobile homes park allowed to flow across neighboring land); *Spaulding v. Cameron*, 127 Cal.App.2d 698, 274 P.2d 177 (1954) (recovery allowed for mental distress where loose dirt was allowed to wash onto neighboring property). See also: 38 Am.Jur.2d, Fright, Shock, and Mental Disturbance § 30.

Whether a new exception to the general rule should be created in Pennsylvania, however, is not for this Court to determine.[3] We are charged, rather, to apply the law as it has been pronounced by the Supreme Court. That law, as we understand it, is that there can be no recovery for negligently inflicted mental or emotional distress in the absence of attendant physical injury to the person of the claimant. When the general rule is applied in the instant case, we are constrained to conclude that there was error in the trial court's jury instructions which allowed plaintiff-appellees to recover for emotional distress.[4]

It follows that if plaintiff-appellees could not recover compensatory damages for emotional distress, they also could not recover punitive damages against the defendant-appellant for causing worry and concern. Punitive damages cannot be recovered in the absence of a legally recognized injury. See: *Hilbert v. Roth*, 395 Pa. 270, 276, 149 A.2d 648, 652 (1959) (punitive damages may not be awarded where plaintiff is precluded from recovering compensatory damages); *Sulecki v. Southeast National Bank*, 358 Pa. Super. 132, 136, 516 A.2d 1217, 1219 (1986) (in order to

3. We recognize that the creation of such an exception may have far reaching consequences, particularly in cases of nuclear accident or contamination of property by invading carcinogens, which give rise to claims for mental or emotional distress without accompanying physical injury. If such an exception is to be created, therefore, it must be done either by the legislature or the Supreme Court. It should not be created by an intermediate appellate court.

4. The case was not tried on the theory of an intentional infliction of emotional distress. The complaint did not contain allegations of intentionally inflicted emotional distress; plaintiffs did not pursue such a cause at trial; and the trial court did not instruct the jury regarding such a cause of action.

recover punitive damages plaintiff must first prove compensatory damages); *Delahanty v. First Pennsylvania Bank,* 318 Pa.Super. 90, 128, 464 A.2d 1243, 1262 (1983) (award of punitive damages improper unless actual damages suffered). Furthermore, punitive damages can only be awarded where a defendant's conduct is found to be malicious, wanton, willful, reckless, or oppressive. See: *Feld v. Merriam,* 506 Pa. 383, 395, 485 A.2d 742, 747–748 (1984); *Chambers v. Montgomery,* 411 Pa. 339, 344–345, 192 A.2d 355, 358 (1963); *Hughes v. Babcock,* 349 Pa. 475, 480, 37 A.2d 551, 554 (1944). "Punitive damages may not be awarded for misconduct which constitutes ordinary negligence...." *McDaniel v. Merck, Sharp & Dohme,* 367 Pa.Super. 600, 623, 533 A.2d 436, 447 (1987). See also: *Martin v. Johns–Manville Corp.,* 508 Pa. 154, 170, 494 A.2d 1088, 1096–1097 (1985) (plurality opinion); *Feld v. Merriam, supra* 506 Pa. at 396, 485 A.2d at 748; *Delahanty v. First Pennsylvania Bank, supra* 318 Pa.Super. at 129–130, 464 A.2d at 1263. Here, plaintiff-appellees failed to show that defendant-appellant's conduct was of such a nature that punitive damages were appropriate as punishment. An award of punitive damages under the circumstances of this case, therefore, was improper.

The law in this Commonwealth has long recognized that where injury is sustained to real property as a result of the negligence of another, the property owner is entitled to damages for the inconvenience and discomfort caused thereby. See: *Dussell v. Kaufman Construction Co.,* 398 Pa. 369, 378, 157 A.2d 740, 745 (1960); *Evans v. Moffat,* 192 Pa.Super. 204, 221, 160 A.2d 465, 473 (1960). See also: *Moore v. Mobil Oil Co.,* 331 Pa.Super. 241, 257, 480 A.2d 1012, 1020 (1984). Accord: Restatement (Second) of Torts § 929(c).

Appellants argue, however, that plaintiffs' complaint did not contain a separate claim for inconvenience and discomfort. Appellees concede that no such claim was made in their complaint, but they argue that defendants must have been aware that such a claim would be made when refer-

ence to the inconveniences suffered by plaintiffs was made during pre-trial discovery.

The general rule is that damages must be pleaded. "The pleadings determine the relief that may be afforded: 'Neither allegations without proof nor proof without allegations, nor allegations and proof which do not substantially correspond, will entitle complainant to relief, unless the defect be remedied by amendment.'" *Bowman v. Gum, Inc.*, 321 Pa. 516, 525, 184 A. 258, 262 (1936), quoting *Spangler Brewing Co. v. McHenry*, 242 Pa. 522, 528, 89 A. 665, 667 (1914). "The rule against a variance between allegations and proof is based upon the sound reasoning that a defendant should not be taken by surprise at trial by being called upon to defend either against matters of which he had no notice in the pleadings, or against a different cause of action." *Allegheny Ludlum Industries, Inc. v. CPM Engineers, Inc.*, 278 Pa.Super. 201, 205, 420 A.2d 500, 501 (1980).

 In the instant case, the plaintiffs did not allege a claim for inconvenience and discomfort in their complaint. Moreover, no attempt was made by the plaintiffs at any time to amend their complaint in order to assert a claim for inconvenience and discomfort. Although plaintiffs had referred to their inconvenience in answers to interrogatories, they never did amend their complaint to make a claim for inconvenience and discomfort. After having proceeded to trial on a claim for emotional distress, plaintiffs could not during trial, without amending their complaint, ask the court to instruct the jury to award damages for inconvenience and discomfort. To instruct the jury that plaintiffs could recover damages for inconvenience and discomfort, when no claim therefor had been made, was to ignore the pleadings. Unless we are prepared to ignore the rules of pleading, therefore, we are constrained to hold that plaintiffs cannot recover damages for inconvenience when they failed to plead such a claim.

 In summary, the law of Pennsylvania does not recognize a cause of action for compensatory or punitive dam-

ages for negligently caused emotional distress in the absence of physical injury. Secondly, although the law does recognize a cause of action for inconvenience and discomfort caused by interference with another's peaceful possession of his or her real estate, such a claim must be pleaded. If it is not pleaded, a jury may not be allowed, over objection, to award damages therefor. In the instant case, the plaintiff-appellees did not plead a claim for inconvenience; and, therefore, the jury should not have been permitted to make an award therefor.

When these principles are applied to the instant case, it becomes apparent that after the defendants had recompensed plaintiffs for all their economic losses, the plaintiffs were not entitled to recover additional compensatory or punitive damages for emotional distress and did not make a claim for inconvenience.

Judgment reversed and now entered for the appellants, H.J. Tanner, Inc. and J.H. Shannon and Arlene Shannon, t/d/b/a Shannon's Service Station.