542 A.2d 137

Irvin FORD and Sylvia Ford, Appellants,

v.

Marvin S. ISDANER, Ruth B. Isdaner, Beverly Altman, Herbert J. Sayare, William Levy, Elaine Levy, Morris Powers, Pearl Powers, Seymour Welliksen, Marion Welliksen, Harry G. Shaw, Mildred Shaw, Clara Berkowitz, Harry Blaufeld, Shirley Blaufeld, Louis Zatz, Sara Zatz, Ralph Barron, Ann Barron, Bernard Brenner, Edith Brenner, Shirley Berkovitz, Melvin Lieberman, Sandra Lieberman, Henry R. Ricci, Sr., Rita R. Ricci, George Schiller, Bernice Shiller, Florence Grossman, Milton Klein, Sandra Klein, Roberta Luber, Harold Stile, Vivian Stile, Norman Cohan, Gladys Cohan, Mike Wirth, Selma Wirth, Harold Blatstein, Joan Blatstein and Gabriel Berkovitz.

Superior Court of Pennsylvania.

Argued March 24, 1988.

Filed May 26, 1988.

Steven R. Sosnov, Norristown, for appellants.

Joel W. Todd, Philadelphia, for Isdaner, Altman, Sayare, Powers, Barron, Brenner, Lieberman and Wirth, appellees.

Warren E. Voter, Philadelphia, for Levy, Shaw, Berkowitz, Blaufeld, Zatz, Stile, Luber and Cohan, appellees.

Christine M. Mooney, Philadelphia, for Blatstein, appellee.

Before CAVANAUGH, OLSZEWSKI, and MELINSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from an order sustaining preliminary objections and dismissing an amended complaint with prejudice. Having reviewed the record, the arguments of coun-

sel and the case law, we affirm the dismissal of the complaint as to all appellees.

On October 6, 1983, appellants, Irvin and Sylvia Ford, requested injunctive relief against the Valley Forge Towers Condominium Association. Appellants, who were owners of a unit in the complex, alleged that a nuisance was created by a dumpster located outside of the condominium building. The matter was settled, however, and an order to that effect was entered on July 16, 1985.

On November 22, 1985, appellants filed suit against appellees—forty-one residents of the condominium building.[1] The complaint contained two counts: intentional infliction of emotional distress and civil conspiracy. In response, appellees filed preliminary objections attacking the lack of specific averments in the complaint. Acting upon a stipulation of counsel, the lower court entered an order on November 26, 1986, granting appellants leave to file an amended complaint and requiring them to plead their allegations of fact with specificity.

Appellants filed an amended complaint on December 18, 1986, and a second amended complaint in January of 1987. The second amended complaint[2] alleged that sometime after October 6, 1983, each of the appellees intentionally inflicted emotional distress on appellants by refusing to talk to them and by turning their backs on them. It was also alleged that two of the appellees spat in appellants' direction on two separate occasions, that certain appellees refused to shake appellants' hands at the funeral of a mutual friend, and that appellants received anonymous telephone calls during late hours. In regard to appellee Ruth B. Isdaner, appellants claimed that on November 16, 1983, the former "demanded to know what right plaintiffs had to sue her for $4,000 and stated that she and other people were going around to people in the condominium telling them not to speak to plaintiffs." Second amended complaint at para. 71. Likewise, appellees Sandra Lieberman,

1. Appellants sold their unit in the building in June of 1986.
2. The complaint is 45 pages in length and contains 202 paragraphs.

Sandra Klein and Joan Blatstein allegedly told acquaintances that appellants were suing them and, as a result, they and others should not talk to appellants. It was averred that these acts were undertaken to pressure appellants into dropping their prior suit to abate the nuisance, to punish them for instituting the suit by inflicting emotional distress, and to deprive them of their rights under the law.

In support of the count for civil conspiracy, appellants alleged that "certain of the defendants circulated a petition amongst themselves requesting acquiescence in the scheme of inflicting emotional distree [sic] on plaintiffs, and communicated the scheme and/or the fact of the petition to all the other defendants." *Id.* at para. 47. Appellants also alleged that appellees made anonymous telephone calls during the night.

As a result of appellees' acts, appellants claimed to have suffered emotional distress which, in turn, resulted in numerous conditions including: hypertension, anxiety, hernia, pulmonary interstitial fibrosis, anemia, tremor, fatigue and shortness of breath, duodenal ulcer and mental depression. Appellants allegedly incurred expenses in treating the various conditions and, accordingly, sought both compensatory and punitive damages in excess of $20,000 from each defendant.

In response to the second amended complaint, appellees again filed preliminary objections claiming the allegations in the complaint were still vague. By order dated September 14, 1987, the preliminary objections were sustained. This timely appeal followed.

In this appeal, appellants claim that the complaint contained sufficient allegations to state causes of action in tort for intentional infliction of emotional distress and civil conspiracy and, consequently, that the lower court erred in dismissing the complaint.

In sustaining the preliminary objections, the Honorable Samuel S. Salus eloquently supported his decision in a well-reasoned opinion. Although we are in complete agreement with the lower court that the complaint failed to set

forth causes of action in tort, we find it necessary to make additional comments and to clarify several legal points.

Shortly before the decision of the lower court was rendered, our Supreme Court had occasion to examine the tort of intentional infliction of emotional distress. In *Kazatsky v. King David Memorial Park, Inc.*, 515 Pa. 183, 527 A.2d 988 (1987), the Supreme Court stated that, contrary to the decisions of this Court, the intentional tort as defined in the Restatement (Second) of Torts § 46 had never been adopted in Pennsylvania. Expressing concern that the subjective nature of the tort would render it unwieldy, the Supreme Court requires objective, competent medical proof of emotional distress "if Section 46 of the restatement is to be accepted in this Commonwealth." *Id.*, 515 Pa. at 197, 527 A.2d at 995.

█ *Kazatsky* makes clear that the tort of intentional infliction of emotional distress is not recognized in Pennsylvania. For this reason the complaint in the instant case fails to state a cause of action. *See Daughen v. Fox*, 372 Pa.Super. 405, 411–412, 539 A.2d 858, 861 (1988) (Cavanaugh, J.) (in light of *Kazatsky*, the Superior Court is reluctant to accept Section 46 of the restatement).

█ Further, we are not inclined to embrace Section 46 of the restatement under the circumstances of the instant case. As the Supreme Court in *Kazatsky* instructed, Section 46 of the restatement would not be adopted where the plaintiff had failed to establish a right of recovery under the terms of that provision. *Kazatsky*, 515 Pa. at 185, 527 A.2d at 989. Having carefully examined the complaint in the instant case, we likewise conclude that no such cause of action is established here. The averments in appellant's second amended complaint, if proven, simply fail to satisfy the standard identified in *Kazatsky* which requires allegations of an emotional injury due to a tortfeasor's "outrageous" conduct. Simply stated, neither the degree of "outrageousness" in the defendants' conduct nor the nature and extent of the emotional injuries alleged justifies a finding of liability and an award of damages in the instant

case. *See Daughen, supra,* 372 Pa.Super. at 417, 539 A.2d at 864 (no cause of action stated under Section 46 where it was alleged the defendant operated on a family pet based upon another animal's X-ray and then failed to provide the pet with proper medical treatment); *Buczek v. First National Bank of Mifflintown,* 366 Pa.Super. 551, 531 A.2d 1122 (1987) (affirming the dismissal of a cause of action for intentional infliction of emotional distress where the requisite "outrageous" conduct was not alleged). In the absence of sufficient allegations for which the law permits recovery, the count in the complaint for intentional infliction of emotional distress was properly dismissed.

■ We also affirm the dismissal of the count for civil conspiracy. "Absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." *Pelagatti v. Cohen,* 370 Pa.Super. 422, 432, 536 A.2d 1337, 1342 (1987).

Order affirmed.

MELINSON, J., filed a concurring statement.

MELINSON, Judge, concurring:

I disagree with the majority's interpretation of *Kazatsky v. King David Memorial Park, Inc.,* 515 Pa. 183, 527 A.2d 988 (1987). The majority states that *Kazatsky* "makes clear that the tort of intentional infliction of emotional distress is not recognized in Pennsylvania." In *Kazatsky,* the Supreme Court of this Commonwealth held that a plaintiff must present competent medical evidence of intentional infliction of emotional distress. See *Houston v. Texaco, Inc.,* 371 Pa.Super. 399, 538 A.2d 502 (1988).

This disagreement regarding *Kazatsky* notwithstanding, appellants have failed to allege, in their second amended complaint, competent medical evidence of emotional distress. Consequently, they have not made out a cause of action for the intentional infliction of emotional distress.

For the above-mentioned reasons, I respectfully concur in the result reached by this court.