## Chambers v. Domino's Pizza Inc.

*Larry B. Selkowitz,* for plaintiffs.

*Robert A. Lerman,* for Domino's Pizza Inc.

*Rolf E. Kroll,* for defendants Danny A. Cooper and Linda Cooper, d/b/a/ Cougar's Pizza Inc.

*David Schwalm,* for defendant Andres A. Quinones.

DOWLING, *J.,* October 5, 1989 — We have for disposition what is basically a routine auto accident wherein plaintiffs claim defendant driver's speeding caused an intersection collision. However, the driver, nicknamed "Kamikaze," was delivering a Domino's pizza which has produced a claim for punitive damages and correspondingly a motion for summary judgment on this aspect of the case.

A year ago, in the same suit, we authored a little opinion on Domino's 30-minute delivery policy in connection with plaintiff's discovery request to examine certain issues of the *Pepperoni Press,* an internal corporate newspaper distributed to franchi-

sees which contains a wide variety of information concerning Domino's programs, awards, etc. See *Chambers v. Domino's Pizza Inc.,* 1 D.&C. 4th 20 (1988). In the past several months the *Patriot-News* carried an Associated Press story discussing lawsuits which have arisen because of Domino's alleged policy of encouraging dangerous driving with its theme of a 30-minute delivery guarantee. Many are familiar with the cartoon of people diving off the road and scattering through the fields as an excited mother yells, "Get the kids in, I've ordered Domino's pizza!" All of this is of some interest and no little amusement, except to Domino's; however, its legal significance in this case is another matter.

The lawsuit arises from a motor vehicle accident at the intersection of 22d and Berryhill streets in the City of Harrisburg. Plaintiff, Virgil Chambers, with his daughter Kristie as a passenger, was proceeding south on 22d Street. He allegedly came to a halt for the stop sign controlling traffic entering Berryhill, and then proceeded into the intersection where he was struck broadside by a vehicle operated by Andres Quinones, who was delivering a pizza for Cougar's Pizza, a franchisee of Domino's Pizza. Mr. Quinones is charged with negligence in exceeding the speed limit (25 mph). There is a witness who, although not seeing the accident, testified at a deposition that Quinones was going 40 to 45 mph a few seconds before impact. Another witness in his deposition said that plaintiff's vehicle did not come to a full stop before entering the intersection.

From this all-too-common scenario comes a demand for punitive damages against Cougar's and Domino's on the charge that their policy of trying to have pizzas delivered within 30 minutes and of giving bonuses and other incentives based on the

driver's ability to deliver a certain number of pizzas encouraged their drivers to exceed the speed limit.

Pennsylvania has adopted the Restatement of Torts §908, which states, "punitive damages are damages other than compensatory or nominal damages awarded against a person to punish him for his outrageous conduct." *DiSalle v. P.G. Pub. Co.,* 357 Pa. Super. 510, 544 A.2d 1345 (1988). Punitive damages may only be awarded where the defendant's conduct is found "to be malicious, wanton, willful, reckless, or oppressive," and not conduct which constitutes "ordinary negligence." *Houston v. Texaco Inc.,* 371 Pa. Super. 399, 538 A.2d 502 (1988). Punitive damages are to punish the "rare instances" of "only extreme behavior." *Jeannette Paper Co. v. Longview Fibre,* 378 Pa. Super. 148, 548 A.2d 319 (1988). They cannot be awarded for "errors in judgment." *McDaniel v. Merck,* 367 Pa. Super. 600, 533 A.2d 436 (1987).

If there was to be evidence that Domino's and Cougar's policy was to encourage speedy driving, something could be said of invoking the doctrine of punitive damages, but the facts as gleaned from discovery are otherwise.

The driver, Quinones, was deposed and stated that when he was hired he saw a driver's safety film provided by Domino's. The Coopers made certain that Mr. Quinones was familiar with a document entitled, "Domino's Pizza—Commitment to Safety," which provided in pertinent part:

"As a Domino's Pizza delivery person I'm aware of the responsibilities in becoming a professional driver. It is my responsibility to maintain a valid driver's license and insurance on the vehicle I drive for work. *I also state that I am aware of all state and federal traffic laws and that I am to obey them at all times.* As an employee of Domino's Pizza I will

represent the company in a positive way by driving in a safe, courteous, and defensive manner.

"As a Domino's Pizza delivery person I am aware of the 30-minute service guarantee that we provide to our customers. *The Domino's Pizza System and delivery area allows for '30-minute or less' delivery times and under no circumstances should safety or traffic laws be sacrificed in providing this service.*

"If circumstances should arise that pizza might be delivered in over 30 minutes, *the delivery person will continue to drive in a safe and defensive manner. When a late discount is given to the customer, this will have no affect [sic] on the compensation received by the driver for delivering the pizza. The delivering of late pizzas in accordance to Domino's Pizza operating procedures will have no affect [sic] on pay scale or performance evaluations.*

"*I also understand that any disobedience in regard to traffic laws and safe driving practices will be grounds for termination upon the first offense.*" (emphasis supplied)

And finally in Quinones' deposition, he was asked:

Q: Is it fair then that from some source, whether it be that document or another, you were told that you had to obey traffic laws under all circumstances and safety was foremost?

A: Yes.

The concept of punitive damages seems to be getting out of line. We see it more and more alleged in cases of ordinary or, at the best, gross negligence. It is fast becoming a counterpart to the ineffective counsel contention found in practically all post-conviction hearing petitions. We wish to reiterate and emphasize that it is reserved for the rare instances of extreme behavior.

Accordingly, we enter the following

## ORDER

And now, October 5, 1989, the motions for partial summary judgment of defendants Domino's Pizza Inc. and Cougar's Pizza Inc. are granted, and plaintiffs' claims for punitive damages are dismissed.