## Leavitt ·v. Brookmont Health Care Center Inc.

C.P. of Monroe County, no. 9290 Civil 1997.

*Steven R. Serfass,* for plaintiff.
*William J. Mundy,* for defendant.

WALLACH MILLER, *J.,* March 12, 1999—This action was brought by Cynthia Leavitt for personal injuries she allegedly sustained as a result of alleged negligent and reckless care provided by Brookmont Health

Care Center Inc. Brookmont is a nursing home facility located in Effort, Monroe County, Pennsylvania.

Leavitt was a resident at Brookmont from June 27, 1996 to October 4, 1996. She alleges that during that time, she developed decubitis ulcers on the heels of both feet.[1] She further alleges that as a result of the failure of the defendant's staff to treat the ulcers, they became infected and she required hospitalization following her discharge.

Leavitt brought this action by filing a praecipe for writ of summons on December 4, 1997. A complaint was filed on March 20, 1998.

Brookmont filed preliminary objections to the complaint on March 30, 1998, objecting to various counts of the complaint, including the one for punitive damages, and asked that the counts be stricken or that Leavitt be required to file a more specific pleading. Those preliminary objections were sustained by this court on September 17, 1998 and Leavitt was granted leave to file an amended complaint. She did so on October 6, 1998, with Brookmont again filing preliminary objections. After communication between counsel, Leavitt filed a second amended complaint on November 30, 1998. In her second amended complaint, she again asserted a claim for punitive damages.

Brookmont filed preliminary objections to the second amended complaint on December 10, 1998, requesting that the court dismiss this count with prejudice and strike

---

1. A decubitis ulcer is defined as "an ulcer forming on the part of the body exposed to pressure in a patient who must lie in bed for a long period of time. Such ulcers usually develop on the buttocks and in the back of the heels." Schmidt, *Attorney's Dictionary of Medicine* (1992).

any allegations of recklessness from the complaint. Brookmont also requested that $1,000 in counsel fees be awarded as a sanction for the plaintiff's conduct in asserting the punitives claim. Oral argument was heard on the matter on March 1, 1999. Both parties submitted briefs.

Brookmont argues that Leavitt, in her second amended complaint, has again failed to allege facts which would justify the imposition of punitive damages. Punitive damages may be imposed for conduct that is outrageous, because of a party's evil motive or reckless indifference to the rights of another. Restatement (Second) of Torts §908(2); *Chambers v. Montgomery*, 411 Pa. 339, 192 A.2d 355 (1963). Reckless indifference has been defined as existing where the "actor knows, or has reason to know, · . . . of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act, or to fail to act, in conscious disregard of, or indifference to, that risk." *SHV Coal Inc. v. Continental Grain Co.*, 526 Pa. 489, 494, 587 A.2d 702, 704 (1991).

In her second amended complaint, Leavitt has essentially alleged that Brookmont knew of the condition of her heel ulcers, that the condition of the ulcers threatened her health, safety and appearance, and that Brookmont failed to properly treat her condition. The plaintiff further alleges that such actions were taken in conscious disregard of the risks posed. As Leavitt has not alleged an evil motive on the part of Brookmont, we must address whether she has averred facts which would support a claim of reckless indifference.

Leavitt has averred that Brookmont failed to properly treat her ulcers. A failure to properly treat her wounds sounds in pure negligence and not the reckless disregard

for the rights of the plaintiff that must be averred. If the plaintiff had alleged that the defendant was aware of her condition and failed to treat her at all, such facts could possibly have supported a claim for punitive damages. She did not, however, and we must assume this was because such facts do not exist.

Leavitt has also averred in her claim for punitive damages that Brookmont failed to disclose her condition to her, her family physician and the personal care home to which she was being transferred. Brookmont objects, asserting that there is no such duty to inform. Leavitt has not cited any law which supports the proposition that a health care facility has a duty to inform a patient's family, family physician or transferring facility of her condition, and we have not been able to locate any through our own research. Pennsylvania courts have recognized a duty to inform third parties of a patient's condition. *Troxel v. A.I. DuPont Institute,* 450 Pa. Super. 71, 675 A.2d 314 (1996) (duty is owed by physician to third persons in instance where physician treats patient with contagious disease). However, in such cases, the duty to inform was necessitated by the need to safeguard the health of others. *DiMarco v. Lynch Homes—Chester County Inc.,* 525 Pa. 558, 583 A.2d 422 (1990) (holding physician owed duty to patient's sexual partner where physician failed to advise patient that hepatitis exposure could be spread by sexual conduct). Such is not the case here.

The purported duty to inform is not claimed as having been breached in the count for negligence and is only included in the claim for punitive damages. We find this curious, as breach of a recognized duty is one of the elements of negligence. Punitive damages may not be awarded for conduct that is found to constitute ordinary

negligence. *Houston v. Texaco Inc.,* 371 Pa. Super. 399, 538 A.2d 502 (1988). Leavitt has averred that the defendant deliberately withheld the information of her condition when she was released. Even if the failure to inform is a recognizable duty, without more facts, such conduct does not rise above that of negligence, and the defendant's request to dismiss the plaintiff's claim for punitive damages must be granted and any allegations of recklessness on the part of the defendant stricken from the complaint.

Lastly, the defendant has requested that the plaintiff be subjected to a $1,000 sanction for asserting a frivolous claim for punitive damages. Attorney's fees may be awarded as a sanction when the conduct of a party in initiating a matter is arbitrary, vexatious or in bad faith. 42 Pa.C.S. §2503(9). A party's conduct has been defined as "arbitrary" if based on random or convenient selection or choice rather than on reason or nature, "vexatious" if the suit was filed without sufficient grounds in either law or in fact and if the suit served the sole purpose of causing annoyance, and in "bad faith" if the suit was filed for purposes of fraud, dishonesty or corruption. *Thunberg v. Strause,* 545 Pa. 607, 682 A.2d 295 (1996).

While we do not find that Leavitt has averred sufficient facts to assert a claim for punitive damages, we do not find that her conduct in filing such a claim rises to the level of arbitrary, vexatious or in bad faith. Leavitt was granted leave to amend her complaint to support a claim for punitive damages, if she could. She was unable to, after three attempts. Therefore, the defendant's request for attorney's fees as a sanction is denied. Accordingly, we enter the following order.

## ORDER

And now, March 12, 1999, defendant's preliminary objections are sustained and allegations of recklessness are hereby stricken from the complaint, and the claim for punitive damages is dismissed with prejudice. Furthermore, defendant's request for counsel fees as a sanction is denied.