## Schock v. T. J. Care Inc.

C.P. of Fayette County, no. 2816 of 2003.

*Cynthia M. Porta-Clark,* for plaintiff.
*John W. Burns* and *John T. Pion,* for defendant.

LESKINEN, *J.,* March 10, 2004—Before this court are preliminary objections to plaintiff's complaint filed by defendants. After full consideration of the record, applicable law, and briefs of counsel, this court finds that the punitive damages claimed in the complaint are not supported by legally sufficient factual averments. Therefore, this court grants defendants' preliminary objections.

## BACKGROUND

A civil complaint was filed by Lucinda B. Schock (plaintiff) on December 12, 2003. In her complaint, plaintiff's counsel alleges that on or about May 20, 2002, the two named nurse's aides used excessively hot water to wash Ms. Schock's hair, causing second-degree burns and other related injuries. Counsel alleges the individual defendants "knew or should have known of the dangers associated with using hot water in close proximity of the plaintiff . . . ." The conduct is alleged to have been reckless, and a claim for punitive damages is included. The

corporate defendant is alleged to have had knowledge that the individual defendants "were not qualified to perform" duties as nurse's aides. Likewise, the corporate defendant's actions are generally alleged to have been reckless, and punitive damages are claimed.

The defendants filed the within preliminary objections to plaintiff's complaint, alleging that the facts pled are not sufficient to justify the claim of punitive damages, and asking the claim be stricken. Both parties have briefed and argued the issue.

## DISCUSSION

Both parties agree that the phrase "punitive damages" does not need to be in the relief requested in the complaint in order for such damages to be recovered. So why do the defendants care whether or not that phrase is used in the complaint?

If fact-finders can be trusted not to award punitive damages when they are not appropriate, why go through the additional expense of preliminary objections? There is an overriding practical reason. Insurers control the defense of most civil actions. Insurers provide coverage for civil damages arising from *accidents,* usually occurring as the result of negligence, but not for damages arising from intentional or reckless "criminal" conduct. Punitive damages fall within the "gray area" between civil recovery and criminal sanctions. If such damages are awarded, the named defendants are bad people who have to pay the award without indemnity from their insurer. The potential of such an award creates a conflict of interest for the attorney who is hired and paid by the insurance company, but who must attempt to represent the

interests of both the insurance company and the insured. It is the effort to eliminate that conflict, and the expense associated with hiring two independent attorneys, that leads to preliminary objections like those at issue here.

At argument, the parties also agreed that "punitive damages" can be awarded only where the complaint contains sufficient factual averments to support such an award. See *Nido v. Chambers,* 70 D.&C.2d 129 (1975). The parties did not agree whether the factual averments in this complaint are sufficient.

Punitive damages are not a separate cause of action. Punitive damages cannot be recovered when there is no claim for compensatory damages. *Houston v. Texaco Inc.,* 371 Pa. Super. 399, 538 A.2d 502 (1988). In that sense, punitive damages are "incidental" to the underlying cause of action. However, plaintiffs must plead additional facts in order to recover punitive damages. Facts that establish only negligence, even gross negligence, are not sufficient. Punitive damages depend on the actor's state of mind, and are only proper when the action was reckless or intentional. *Hart v. O'Malley,* 781 A.2d 1211 (Pa. Super. 2001). However, it is not sufficient just to state legal conclusions, such as averring that the defendant's conduct was malicious, wanton, willful, reckless, oppressive or outrageous. What must be pled are the facts supporting such legal conclusions.

Recklessness occurs when the actor consciously disregards a great risk of physical harm to the victim. Where a defendant does not consciously realize the high degree of risk involved, the imposition of punitive damages is not appropriate. *SHV Coal Inc. v. Continental Grain Co.,*

526 Pa. 489, 587 A.2d 702 (1991); *Jones v. McDonald's Corp.*, 958 F. Supp. 234 (E.D. Pa. 1997).

More than one court has held that the conduct must also independently be found to be "outrageous" or "egregious." *Focht v. Rabada*, 217 Pa. Super. 35, 268 A.2d 157 (1970); *Hough v. Meyer*, 55 D.&C.4th 473 (2002); *Chestnut v. Clover*, 22 D.&C.4th 399 (1994), *aff'd in part, rev'd in part*, 450 Pa. Super. 707, 676 A.2d 277 (1996). The use of such undefinable terms relegates punitive damages to a realm of subjectivity, *i.e.*, "I know it when I see it." Subjective judgments should normally be made by the jury. However, their award cannot be the result of caprice, prejudice, partiality, corruption or some other improper influence. *Pioneer Commercial Funding Corp. v. American Financial Mortgage Corp.*, 797 A.2d 269 (Pa. Super. 2002). Subjectivity cannot go so far as to become arbitrary, and the due process set forth in the Fourteenth Amendment of the United States Constitution requires judicial review of punitive damage awards. *Id.* Unfortunately, that judicial review must be subjective, and it also runs the risk of being arbitrary. *State Farm v. Campbell*, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003).

In the instant case, the plaintiff has alleged that the defendants acted with knowledge of the potential physical harm resulting from their actions, thus satisfying the minimum requirements for recklessness or intentional conduct. Litigants are permitted to plead state of mind generally. See Pa.R.C.P. 1019(b). The only remaining issue is whether the facts alleged are subjectively "outrageous" or "egregious" enough that this court would sustain a jury's award of punitive damages.

As a question of first impression, this court finds that the specific material facts alleged in this complaint are not subjectively "outrageous" enough to sustain an award of punitive damages. See *Mancini v. Yavorek,* 61 D.&C.4th 1 (2003) (medical negligence, sponge left in incision). However, it is possible that there are additional facts not yet pled that would sustain such an award. (*E.g.,* Did the defendants use "tap" water? If so, was the water heater improperly set? Who controlled the water heater? Did defendants heat the water? Did defendants do anything to test the temperature? Were other patients treated similarly? Was the corporate defendant aware of other similar injuries?) While there are factual scenarios consistent with the complaint that could lead to the imposition of punitive damages, it is unfair to require the defendants to proceed without concrete allegations of fact. Such allegations cannot be made without a good faith basis in knowledge or expectation. See Pa.R.C.P. 1023.1(c) and (d).

If plaintiff knows of such facts, or reasonably anticipates that discovery will generate evidence of such facts, a properly drafted amended complaint can be filed. *McClean v. O'Kelly,* 54 D.&C.4th 1 (2001). Such an amended complaint will give the defense fair notice. It will also give the defense the ability to challenge irresponsible pleading. See Pa.R.C.P. 1023.2. Barring such an amended complaint, fairness requires that the claim for punitive damages be stricken while discovery proceeds.

Wherefore, this court enters the following:

## ORDER

And now, March 10, 2004, upon consideration of the preliminary objections filed on behalf of defendants and

upon further consideration of the applicable law and briefs of counsel, it is hereby ordered and decreed that defendants' preliminary objections to plaintiff's complaint are sustained. The allegations of knowledge and recklessness, and the claims for punitive damages, are ordered stricken from the complaint, without prejudice.

Plaintiff is granted leave to file an amended complaint in compliance with the above opinion within 20 days of this order.