**Drauch v. Applegate**

*Gary J. Ogg,* for plaintiff.

*John A. Statler* and *Stephen J. Magley,* for defendants Applegate and Patten.

*John L. McIntyre,* for defendant Zola New World Bistro.

*Joseph P. Green,* for defendant Lesniewski.

*Joseph R. Musto,* for defendant Wertz.

*David P. Wilk,* for defendant Barrish.

*James J. Dodd-o,* for defendant Scott.

*J. Michael Dorezas,* for defendant Thompson.

GRINE, *P.J.,* October 17, 2008—Presently before the court are preliminary objections brought by Patricia Patten and Katherine Applegate (defendants). Defendants claim that Count III and IV of the complaint brought by Michael Drauch (plaintiff) should be stricken.

## PROCEDURAL BACKGROUND

Plaintiff initiated this cause of action by filing a complaint on or about January 8, 2008. Defendants filed preliminary objections to plaintiff's complaint on May 21, 2008. By order dated May 21, 2008, the court established a briefing schedule for the parties pertaining to defendants' preliminary objections. Both parties filed their briefs in a timely manner.

## CONCLUSIONS OF LAW

(1) The "function of punitive damages is to deter and punish egregious behavior." *G.J.D by G.J.D. v. Johnson,* 552 Pa. 169, 172, 713 A.2d 1127, 1129 (1998).

(2) "[P]unitive damages can only be awarded where a defendant's conduct is found to be malicious, wanton, willful, reckless, or oppressive." *Huston v. Texaco Inc.,* 371 Pa. Super. 399, 406, 538 A.2d 502, 505 (1988). (citations omitted)

(3) "[U]nder the appropriate circumstances, evidence of driving while under the influence of intoxicating liquors may constitute a sufficient ground for allowing punitive damages." *Focht v. Rabada,* 217 Pa. Super. 35, 42, 268 A.2d 157, 161 (1970).

(4) "Ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." *Hutchinson v. Penske Truck Leasing Co.,* 876 A.2d 978, 983-84 (Pa. Super. 2005). (citations omitted)

(5) "[T]o justify an award of punitive damages, the fact-finder must determine that the defendant acted with a culpable state of mind, *i.e.,* with evil motive or reckless indifference to the rights of others." *Id.* at 984

## DISCUSSION

Pennsylvania allows for punitive damages in very limited circumstances. "[P]unitive damages can only be awarded where a defendant's conduct is found to be malicious, wanton, willful, reckless, or oppressive." *Huston v. Texaco Inc.,* 371 Pa. Super. 399, 406, 538 A.2d 502, 505 (1988). (citations omitted) In *Feld v. Merriam,* 506 Pa. 383, 485 A.2d 742 (1984), the Pennsylvania Supreme Court adopted section 908(2) of the Restatement (Second) of Torts with regard to the reckless conduct required to support an award of punitive damages.

*SHV Coal Inc. v. Continental Grain Co.,* 526 Pa. 489, 493, 485 A.2d 702, 704 (1991); see also, *McDaniel v. Merck, Sharp and Dohme,* 367 Pa. Super. 600, 533 A.2d 436 (1987). Section 908(2) provides, in part: "Punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Restatement (Second) of Torts §908(2). Comment b to section 908(2) further provides, "[p]unitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence."

The issue the court must determine is whether plaintiff has pleaded sufficient facts to warrant a claim of punitive damages. There is only one case which directly addresses the issue of punitive damages in a driving under the influence case. In *Focht v. Rabada,* 217 Pa. Super. 35, 268 A.2d 157 (1970), the Superior Court found that a lower court erred in finding that punitive damages could not be awarded as a matter of law. The court stated "we believe that driving while under the influence of intoxicating liquor with its very great potential for harm and serious injury may under certain circumstances be deemed 'outrageous conduct' and 'a reckless indifference to the interests of others' sufficient to allow the imposition of punitive damages." *Id.* at 40, 268 A.2d at 160. The court then remanded the case to the lower court to determine whether the facts of the case supported a punitive damages claim.

In the case currently before this court, the facts support a claim for punitive damages against defendant Applegate *only.* Taking the facts pleaded as true, defendant Applegate did engage in conduct consistent with the Restate-

ment (Second) of Torts §908(2) standard of "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." Driving a motor vehicle with a blood alcohol level at .20 shows a reckless indifference to the rights of others. Therefore the preliminary objections, as they pertain to defendant Applegate are overruled.

Plaintiff has failed to point to any facts which would give rise to a cause of action for punitive damages against defendant Patten. Plaintiff claims that defendant Patten allowed defendant Applegate to operate defendant Patten's vehicle while under the influence. As stated above, comment b to section 908(2) provides, "[p]unitive damages are not awarded for mere inadvertence, mistake, errors of judgment and the like, which constitute ordinary negligence." There is nothing in the complaint which would show that defendant Patten committed anything other than an error in judgment in allowing a vehicle she owned to be driven by defendant Applegate. Therefore, plaintiff's preliminary objections as they relate to defendant Patten are sustained. Count IV shall be stricken from plaintiff's complaint.

## ORDER

And now, October 17, 2008 after a review of the briefs submitted by counsel, it is hereby ordered and decreed that defendants' preliminary objections as they pertain to defendant Applegate are overruled. Defendants' preliminary objections as they pertain to defendant Patten are sustained. Count IV of plaintiff's complaint shall be stricken from plaintiff's complaint.